## MITCHELL *versus* REUBEN LIBBEY.

A recovery and satisfaction of a judgment against one of several joint trespassers upon land, will discharge an action by the same plaintiff, previously commenced against another of the joint trespassers for the same act.

ON statement of agreed facts.

The defendant and one Stillman Libbey had jointly torn down the plaintiff's fence.

For that trespass, this action, *quare clausum*, was commenced March, 1849, for the June term of the District Court.

Subsequently, (in July, 1849,) the plaintiff brought, for the October term of the same court, an action of the same kind against *Stillman* Libbey for the same trespass, in which he recovered judgment, and collected the full amount of it upon execution.

The parties agree that, if those facts can constitute a bar to this suit, a nonsuit shall be entered; otherwise the action is to stand for trial.

*A. W. True*, for the plaintiff.

The objection, if of any force, should have been in abatement. *Gordon* v. *Pierce*, 2 Fairf. 215.

The eighth rule of the District Court provides that "pleas in abatement may be filed at any time prior to the call of the new entries; and if containing matter of fact, not appearing of record, must be verified by oath."

This action was the one first commenced. When it was

entered, no other was pending. There was, therefore, nothing which could be pleaded in abatement. A second action is never pleadable in abatement to a former one. Story's Plead. Abatement, 66 ; Gould's Plead. 285, chap. 5, sect. 127.

In actions, *ex delictu*, an action lies against each wrong-doer. To make the remedy effectual, there must be a right to pursue each action to judgment, irrespective of the others.

The payment of the execution was *inter alios*. 4 Greenl. 425.

The damage assessed by the jury against Stillman, was not a fifth part of the real damage. We claim to have the damage assessed, as against this defendant, whose acts of trespass were much the most injurious.

This suit was pending nearly two years before the other judgment was paid. It was rightfully commenced, and we are entitled to cost.

Here was no technical release. But this case is settled by 8 N. H. 372. The case 1 Johns. 291, is also precisely in point. See also 8 Cowen, 111. Further citations are unnecessary.

*Woodman*, for the defendant.

Tenney, J. — It is agreed that the trespass, for which this suit was brought, was the joint acts of the defendant, and one Stillman Libbey. Each was therefore liable for the whole damage done by both, as occasioned by himself, and on recovery therefor, the entire damage is allowed in the verdict ; and there can be no separate estimate of the injury committed by each. On the satisfaction of the judgment recovered against Stillman Libbey by the plaintiff, for the joint trespass, the claim for damages was fully canceled, as effectually as it would have been by an instrument acknowledging payment, and by a valid contract of discharge. The pendency of an action against a joint trespasser, cannot change the principle. *Gilpatrick* v. *Hunter*, 24 Maine, 18.

It perhaps was in the power of the plaintiff to have omitted to take his judgment against Stillman Libbey after the verdict,

and to have obtained a judgment in the present action for the same damage and costs.    But not having done so, the foundation of this action is entirely taken away, by the plaintiff's own acts, and no damage can be awarded for what has been perfectly satisfied by payment.

Costs for the plaintiff in an action of trespass, being dependent upon damages, cannot be allowed in this action for the plaintiff.

*Plaintiff nonsuit.*