DANIEL GEORGE LUCE *vs.* JASON L. DEXTER.

Suffolk. March 12. — April 3, 1883. DEVENS & W. ALLEN, JJ., absent.

The files and docket entries of the Superior Court in an action, the judgment in which is pleaded in bar of another action, are admissible in evidence, the record not having been extended, although a certified copy of the same is obtainable.

In an action of tort, in which the writ set forth the first name and middle name of the plaintiff in full, the answer averred that the plaintiff had recovered judgment, which had been satisfied, against another person named. The defendant offered in evidence the record of an action in which judgment had been recovered against the person named, by a plaintiff described in the writ by the same first name and surname, and by the initial letter of the middle name. *Held,* that there was no material variance.

At the trial of an action for assault and false imprisonment against an officer for arresting the plaintiff on a writ in favor of A., which did not contain a declaration, the defendant put in evidence the record of a former action by the same plaintiff against A., in which the plaintiff obtained a judgment, which was satisfied, and the declaration in which alleged that A. swore out an affidavit, maliciously setting forth that he had reason to believe, and believed, that the plaintiff intended to leave the State; that a magistrate thereupon authorized the arrest of the plaintiff; that the plaintiff was arrested and imprisoned for a certain time; that the affidavit was falsely made; that the defendant's object was to harass and imprison the plaintiff; that the plaintiff, after being imprisoned for a certain time, was discharged from custody; and that the defendant afterwards boasted that he knew the plaintiff did not intend to leave the State, and he only intended to have him imprisoned. *Held,* that the judgment in the former action was a bar to the present action.

TORT for assault and false imprisonment. The defendant, a deputy sheriff, justified under a writ in favor of Samuel Look against the plaintiff; and alleged that the plaintiff subsequently brought an action against Look for the same assault and imprisonment, in which the plaintiff obtained judgment, which was satisfied by Look. Trial in the Superior Court, before *Mason,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff made out a *prima facie* case of assault and battery against the defendant, and rested his case. The defendant then offered in evidence the files and docket entries of the Superior Court in case of Daniel G. Luce against Samuel Look, to the introduction of which the plaintiff seasonably objected, stating to the presiding judge that a certified copy was obtainable, for the plaintiff had obtained for use in the case at bar a certified copy himself; and the plaintiff objected to this

evidence on two grounds: first, because a certified copy of the record was the better evidence; and secondly, because the evidence would constitute a variance from the answer. The defendant produced the first assistant clerk of the Superior Court, who testified on cross-examination, that, although the record had not been extended, copies of the original papers and judgment duly certified were given in Suffolk county under the existing circumstances of this record. The judge then admitted the evidence of said files and docket entries; and the plaintiff excepted.

The plaintiff stated that, in the case at bar, the gist of his action was for the assault and battery committed in attempting to serve the writ, which had no declaration therein, by arresting the body of the plaintiff and taking him to jail thereon.

The defendant asked the judge to direct a verdict for the defendant, upon the ground that, as the cause of action in the case of Daniel G. Luce against Samuel Look was the same as the cause of action in the case at bar, and as the plaintiff in that action had recovered judgment against Look, which had afterwards been paid by Look, this action could not be maintained.

The count in the action of Luce against Look was as follows: " And, for a second count in this behalf, the plaintiff says the defendant, in July or August, A. D. 1879, subscribed and swore out an affidavit against him, maliciously setting forth in substance that he had reason to believe, and did believe, that this plaintiff intended to leave this State, upon which affidavit being sworn out before some magistrate duly authorized to act in the premises, said magistrate authorized the arrest of this plaintiff, which affidavit and authorization as aforesaid was annexed to a writ sued out against this plaintiff by defendant, and dated July 30, A. D. 1879; and upon said writ, which was made returnable to the Superior Court for the county of Dukes county within this Commonwealth, at the September term thereof, in the year of grace 1879, this plaintiff was arrested and imprisoned for the space of twenty-four hours within the county of Dukes county and Commonwealth of Massachusetts; and the plaintiff says said affidavit was falsely and wickedly made; and the plaintiff says the defendant well knew at the time he subscribed and swore to the truth of said affidavit that he was committing

wicked and corrupt perjury; that the plaintiff in this suit was not designing to leave this Commonwealth, and that he had no reason to believe that this plaintiff was about to leave the same; and the plaintiff alleges as a matter of fact that he had no idea of leaving the Commonwealth, but at the time was only going from Dukes county to Suffolk county, within this Commonwealth, and that the defendant in this action well knew the fact last aforesaid when he subscribed and swore to the affidavit aforesaid, and that the defendant's object in the premises was to terrify, harass, impede, and imprison this plaintiff, against the laws of this Commonwealth and against good morals, and that the plaintiff, after being imprisoned for the space of twenty-four hours, was discharged from custody by said magistrate, and that thereafter this defendant made his boasts that he knew the plaintiff did not intend to leave the State, and only meant to lock him up, which he had done."

The plaintiff in the case at bar admitted, for the purposes of this trial, that the defendant in the case of Luce against Look had paid in full the judgment rendered upon the verdict for the plaintiff in said cause upon the above count, and asked for the following instruction: " If the jury find that there was no declaration contained in the original writ in the case of Samuel Look *v.* D. G. Luce, when the alleged arrest was made, this defendant would be a trespasser *ab initio*, and he would be liable for all the damages occasioned thereby to the party arrested, and that no settlement of the execution in the other case of Daniel G. Luce *v.* Samuel Look would affect his liability in this case, because he would not be Look's agent in doing illegal acts, and because the cause of action in the former case was not identical with that set up in this declaration."

The judge declined to instruct the jury as requested, but instructed them to return a verdict for the defendant, upon the ground that the cause of action set forth in the second count in the former case of Luce against Look was the same as in the case at bar, and, as the judgment in that case had been satisfied, this action could not be maintained. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*P. H. Hutchinson*, for the plaintiff.

*G. A. King*, for the defendant.

C. ALLEN, J. The files and docket entries were admissible, and showed no material variance.

The substantial ground of action set forth in the second count of the former declaration was the arrest and imprisonment. The present cause of action is the same. It is of no consequence, in this respect, how many persons were concerned in the arrest. The injury to the plaintiff was single. He might sue either Look, or the defendant, or both. He sued Look, and recovered judgment against him. By the satisfaction of that judgment the present action is barred. *Brown* v. *Cambridge*, 3 Allen, 474. *Stone* v. *Dickinson*, 5 Allen, 29; *S. C.* 7 Allen, 26. *Elliott* v. *Hayden*, 104 Mass. 180. *Boston & Albany Railroad* v. *Shanly*, 107 Mass. 568, 577–579. It is urged upon us, that there was no declaration in the writ upon which the arrest was made. If true, this does not split the injury to the plaintiff. The arrest and imprisonment were still the same. But, moreover, the fact is not set forth as true in the bill of exceptions.                    *Exceptions overruled.*