GRIMES v. WILLIAMS' ESTATE.

ATTACHMENT—WRONGFUL LEVY—JUDGMENT—BAR.

The recovery and collection of damages against a creditor for the seizure of property under a writ of attachment wrongfully sued out is a bar to the prosecution of a suit for the identical wrong against the estate of another creditor, whose attachment was in the officer's hands at the time of the levy for which recovery was had, and was levied upon the same property immediately thereafter.

Error to Ingham; Person, J. Submitted June 9, 1897. Decided June 28, 1897.

John Grimes presented a claim against the estate of James M. Williams, deceased, which was disallowed by the commissioners, and claimant appealed to the circuit court. From a judgment for defendant on verdict directed by the court, claimant brings error. Affirmed.

*Atkinson & Wiest*, for appellant.

*B. D. York* (*Otto Kirchner*, of counsel), for appellee.

MOORE, J. Appellant filed a claim before the commissioners on claims in probate court, which was disallowed. An appeal was taken to the circuit court, where, by direction of the court, the claim was also disallowed by the jury. Claimant appeals.

It is contended for the claimant that he suffered dam-

ages by reason of having levies made upon his property under writs of attachment wrongfully sued out. The only items of the claim discussed in the briefs of counsel for appellant are: "Share of wheat at Wygant's, $234.50; share of wheat at Plunkett's, $376; damage to real estate, $60,810." So we may assume no claim is made as to the other items. The record discloses that attachment suits were commenced, in one of which Mr. Williams, the deceased, was plaintiff. In another of these suits Mr. Bowerman was plaintiff. With these writs of attachment in his hands, the sheriff levied on claimant's real estate, and upon the wheat in question. The Bowerman attachment was levied first. The wheat was afterwards taken under an attachment at the suit of Mr. Thoman against Mr. Grimes, and sold to satisfy an execution issued in the last-named attachment suit. The record also shows that the claimant afterwards sued Mr. Bowerman to recover damages for the wrongful levies. The declaration in that case was broad enough to cover the taking of the same property mentioned in the claim against the Williams estate. Mr. Grimes recovered a judgment against Mr. Bowerman in that action, and afterwards collected his judgment.

A great many questions are raised by counsel which it will not be necessary to discuss. It was the view of the trial court that, inasmuch as Mr. Grimes had recovered a judgment against Mr. Bowerman, which he had collected, for the identical wrong for which he now presents a claim against the estate of Mr. Williams, he cannot now recover from Mr. Williams. We think he was right in his interpretation of the law. *Stone* v. *Dickinson*, 5 Allen, 29 (81 Am. Dec. 727); *Boardman* v. *Acer*, 13 Mich. 77. See *Kenyon* v. *Woodruff*, 33 Mich. 315.

Judgment is affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.