SNYDER  *v.*  WITT.

(*Knoxville.*     October  27,  1897.)

1. PLEA.  *In confession and avoidance.*

A plea in confession and avoidance, setting up accord and satis-
faction of a claim for personal injuries, need not expressly
confess defendant's negligence, but is sufficient if it impliedly
or hypothetically does so.   (*Post, pp. 619, 620.*)

(But see Williams *v.* McKee, 98 Tenn., 139.)

2. SAME.  *Single plea to several counts good.*

A single plea is sufficient to two counts of a declaration stating
the same cause of action in different language.   (*Post, p. 621.*)

3. NEGLIGENCE.  *Tort feasors.*

The owner of a push cart, who leaves it protruding over a curb-
ing, can be held liable for an injury caused by another driving
against such push cart only, if at all, on the theory that he is
a joint tort feasor with the driver.   (*Post, pp. 621, 622.*)

Cases cited: 20 N. Y., 492; 105 Ill., 364.

4. JUDGMENT.  *Satisfaction of, against tort feasors.*

The satisfaction of a judgment for a personal injury against one
joint tort feasor is a bar to an action against the other joint
tort feasor.   (*Post, pp. 621, 622.*)

Cases cited: Brown *v.* Kencheloe, 3 Cold., 192; Knott *v.* Cunning-
ham, 2 Sneed, 205; Brison *v.* Dougherty, 3 Bax., 93; Richardson
*v.* McLemore, 5 Bax., 590; Williams *v.* Hitchings, 10 Lea, 326; 15
Am. Dec., 534.

---

FROM   KNOX.

---

Appeal in error from Circuit Court of Knox County.
JOSEPH  W.  SNEED,  J.

Snyder *v.* Witt.

NOBLE SMITHSON for Snyder.

WELCKER & PARKER for Witt.

J. W. CALDWELL for Knoxville.

WILKES, J.   Plaintiffs sued defendants for damages for personal injuries to Nannie Snyder, wife of the plaintiff, John Snyder.   There was a verdict and judgment for defendants, and plaintiffs have appealed and assigned errors.

The facts necessary to be stated are that defendants are the keepers of hucksters' stalls at the markethouse in Knoxville.   They placed two push or hand carts on a narrow pavement in front of their stands so that they protruded over the curbing, and while the plaintiff, Nannie Snyder, was standing on the pavement or sitting on a box, an ice wagon belonging to J. K. Griffin struck the push carts, and drove them violently against her, injuring and bruising her.   The declaration set out the cause of action in two counts, both substantially as stated.   The defendants filed two pleas: First, not guilty; and, second, accord and satisfaction, in that the plaintiffs had sued J. K. Griffin previously to bringing this action, and received from him $110, in full payment and satisfaction of the injuries sustained, and that the cause of action in each case was the same.

Plaintiffs demurred to the second plea on several grounds: (1) that defendants did not, by their plea, admit that they committed the wrong, and hence the

plea was defective in setting up an accord and satisfaction; and (2) that the facts stated do not present such a case as would entitle the defendants to rely upon an accord and satisfaction, as no proper connection with Griffin is alleged, and the pleas do not state that the wrongs were committed jointly with Griffin; and (3) that while the declaration contains two counts, only one plea is filed to both jointly. The demurrer was overruled, and the action of the Circuit Judge is assigned as error, and supported by an able and ingenious argument.

The first error assigned is that the plea demurred to is 'a plea in confession and avoidance, and yet it fails to confess the wrong, so that its effect may be avoided. The only words of confession in the plea are that, ''if plaintiffs have any cause of action it is against them and said Griffin jointly,'' etc. In 1 Chitty on Pleading (16th Ed.), 678, it is said: ''If a defendant, in his answer, seeks to avoid a cause of action, he need not confess the cause of action. He has a right to say I deny your alleged cause of action, but if you succeed in proving it, still I am not liable, because,'' etc. In Caruthers' History of a Lawsuit, 191, the author, in speaking of pleas in confession and avoidance, says, '' Such a plea may not, and generally does not, expressly confess what the declaration alleges, but there is always an implied confession.'' It is a rule of practice in Courts of Law that whatever is not denied is confessed.

It is next objected that there is only one plea to two counts. It is admitted that the two counts in the declaration are virtually the same, and that they state the same cause of action in different verbiage. It is not necessary, in such cases, to repeat the same plea as often as there are counts in the declaration, but one plea may be filed if it goes to the whole ground of action. For instance, one plea of not guilty, when appropriate, will raise an issue on any number of counts in a declaration. 1 Chitty on Pleadings (16th Am. Ed.), 674.

The next question presented is, Do the facts alleged make these defendants tort feasors with Griffin, the owner of the ice wagon, and does a settlement with him, as one joint *tort feasor*, release the other wrongdoers? Cooley on Torts (2d Ed.), 684, states the law to be that the negligence of third persons, concurring with that of defendant to produce an injury, is no defense, but only renders the third party liable as a joint tort feasor. Shearman & Redfind on Negligence, Sec. 122, states the law to be, "all persons who co-operate in an act directly causing injury are jointly liable for its consequences if they acted in concert, or unite in causing an injury, even though acting independently of each other." See, to the same effect, Hilliard on Remedies for Torts, 170; *Colegrove* v. *Railroad Co.*, 20 N. Y., 492; *Railroad Co.* v. *Shacklett*, 105 Ill., 364.

If defendants can be held liable at all, under the facts in this case, it can only be on the theory that

they are joint *tort feasors* with Griffin, and the only question that remains necessary to be considered, is whether the accord and satisfaction by the joint tort feasor, Griffin, operated to discharge these defendants also. In *Brown* v. *Kencheloe*, 3 Cold., 192, it was held that in an action against several persons for a joint trespass and an injury to the plaintiff, if he receive money in satisfaction of the wrong done him by one party, it is a satisfaction as to all the defendants; and they are thereby discharged of all liability to the plaintiff, whether the parties intended it to so operate or not. See, also, *Ellis* v. *Bitzer*, 15 Am. Dec., 534; 1 Am. & Eng. Enc. L. (2d Ed.), 428, and notes; 20 *Ib.* (1st Ed.), 664, and notes. In *Knott* v. *Cunningham*, 2 Sneed, 205, it is held that a judgment against one joint trespasser, without satisfaction, is no bar to an action against a co-trespasser. The plaintiff may proceed against each, and in separate actions, but he can have but one satisfaction for the same injury, and such satisfaction from one will preclude him from proceeding against the other defendants. And the same principle is announced and applied in *Brison* v. *Dougherty*, 3 Bax., 93, as to joint actions for torts. The like rule, however, does not apply as to contracts, where it is intended that the release of one jointly bound shall not operate to release another co-obligor. Shannon, §§ 5570, 5571; *Richardson* v. *McLemore*, 5 Bax., 590; *Williams* v. *Hitchings*, 10 Lea, 326.

We are of opinion there is no error in the judgment of the Court below, and it is affirmed with costs.