RAILROAD *v.* JONES.

*(Nashville.* March 12, 1898.)

1. JUDGMENT. *Against joint tortfeasors.*

A plaintiff, who recovers in an action against joint tortfeasors, is entitled to have his full damages adjudged in one sum against all of the defendants, although they may have been culpable in different degrees. (*Post, pp. 514–520.*)

Cases cited: Knott *v.* Cunningham, 2 Sneed, 205; Snyder *v.* Witt, 99 Tenn., 618.

2. SAME. *Same. Not changed by statutes.*

The statutes authorizing several verdicts and judgments for or against one or more plaintiffs, or for or against one or more defendants, so as to conform to the rights of the parties, have not changed the rule that there must be a joint judgment for one sum in an action against several joint tortfeasors. (*Post, pp. 520–522.*)

Code construed: §§ 4700, 4701, 4702 (S.); §§ 3686, 3687, 3688 (M. & V.); §§ 2972, 2973, 2974 (T. & S.).

3. NEW TRIAL. *For newly discovered evidence.*

An application for a new trial, on account of newly discovered evidence, is properly refused when it appears that such evidence was discovered during the argument of the case, but was not brought to the attention of the Court until after verdict. (*Post, p. 522.*)

FROM BEDFORD.

Appeal in error from Circuit Court of Bedford County. JNO. E. RICHARDSON, Sp. J.

COOPER & COOPER, EAST & FOGG, and J. D. B. DeBow for Railroad.

MYERS & PARKER for Telephone Co.

PITTS & MEEKS and IVIE & IVIE for Jones.

BEARD, J.    This is an action brought by the defendant in error to recover against the Nashville, Chattanooga & St. Louis Railway and the Cumberland Telephone & Telegraph Company $25,000 in damages, for the alleged wrongful killing of her husband, on May 25, 1895.

The declaration contains two counts.    The first was, that the husband of the defendant in error was, at the time of the killing, in the employ of the railway company as baggage master and brakeman on its train running between Shelbyville and Wartrace; and that while, pursuant to his duty, he was standing on the train as it came into Shelbyville on said date, and without his fault or negligence, he was struck by a telephone wire which had been theretofore, without his knowledge, negligently and carelessly erected across and over the railway track by the telephone company, so low as to necessarily endanger his life and that of the other railway employes, and which dangerous wire the railway company had negligently and carelessly suffered and permitted to be so erected and maintained, and was thereby thrown to the ground and run over by the train, and crushed, mangled, and fatally injured, and from

16 P—33

which injuries he suffered great physical and mental pain and anguish, and, after a few hours, died.

The second count alleges the same facts, and, in addition, as against the telephone company, that it negligently employed and retained in its service as lineman and general repairer of telephone poles, lines, wires, and appliances, at and near Shelbyville, one Hazel Finny, colored, by whom the said wire that killed the plaintiff's husband was so negligently and carelessly erected, who was, as . was well known to the telephone company, or as might have been known by the exercise of ordinary care and diligence, habitually drunken, negligent, and incompetent for the duties assigned him. Defendants pleaded, separately, not guilty.

Upon a trial before Hon. John E. Richardson, Special Judge, and a jury, in August, 1897, verdict and judgment for the plaintiff were rendered for $15,000 against both defendants, from which, their motion for new trial having been overruled, they appealed in error to this Court. Many assignments of error are made upon the action of the Court below. Only two of these will be noticed in this opinion. The remainder are disposed of in a full written memorandum, dealing with them *seriatim*, which is filed with the record. The trial Judge, after saying to the jury that as the proof warranted they might return a verdict against one or both of the defendants, then added: "If you find that both are guilty of the wrongs alleged against them, you

will return your verdict against both, assessing the damages in one sum." The converse of this was submitted by the defendants below, in the form of a written request, which is as follows, viz.: "If two or more persons be jointly sued for a trespass, the verdict may be against all for one sum as damages, or it may be against each, separately, for distinct and separate sums." The giving of the instruction as set out above, and the refusal to grant this special request, are assigned for error. That, in this State, a party injured by the act of joint tortfeasors, may bring a single action against all or separate actions against each is well settled. Where he brings separate actions and obtains several judgments a satisfaction of one is a satisfaction of all. *Knott* v. *Cunningham*, 2 Sneed, 205; *Snyder* v. *Witt*, 15 Pick., 618 (S. C., 42 S. W. Rep., 441). But whether, in a joint action, the plaintiff is entitled to a joint judgment against all the defendants found guilty of the tort complained of, or whether the latter can insist upon separate verdicts, apportioned in amounts to the degree of their offense, is altogether a different question, and, by this action of the trial Court, is presented in this record for determination.

The general rule, established by an unbroken line of authority, is, that when a plaintiff sues all joint tortfeasors, or any number less than all, for an injury, he is entitled to a verdict for full compensation, against all the defendants, when he succeeds in convict-

·ing them of the wrong, without regard to the degree
of guilt of each defendant. So far as he is concerned,
each joint tortfeasor is bound to compensate him for
the full injury sustained, whatever may be the grade
of the offense as between themselves. As in the
case of a misdemeanor committed by a number of
persons, all are principals, so all persons who con-
tribute to the plaintiff's injury are liable to make
good his whole loss, whatever may be the grades of
their offense, as between themselves. In the case of
a joint wrong the question is, ''Are the defendants
guilty or not guilty, and, if guilty, what will com-
pensate the plaintiff for his injury?''

Mr. Addison, in his work on Torts, says: '' We
have already seen that where several persons com-
mit a trespass in pursuit of one common design,
each is answerable for the aggregate damage done
by all. The jury cannot regularly assess several
damages for one trespass, with which the defendants
are jointly charged, for, though in fact one was
more malicious and did greater wrong than the
other, yet, all coming to do an unlawful act, the act
of one is the act of all the parties present, and it
is a rule of law that what the plaintiff hath laid
joint in his declaration the jury cannot sever. When-
ever, therefore, two or more persons are charged
with a joint trespass, and both or all are found
guilty, the jury cannot afterwards assess several dam-
ages. The damages must be assessed against all

jointly, although all may not be equally culpable.''
2 Add. on Torts, Sec. 1395.

In 1 Jaggard on Torts, p. 213, the author says:
''The person injured by joint tortfeasors may sue
and recover against all, any number, or only one of
them. The liability is joint and several. The law
does not recognize degrees of culpability between
wrongdoers, and will not apportion compensatory dam-
ages between them. They are alike guilty and alike
responsible.''

The texts of these authors are sustained by an
abundant citation of cases both English and American.
In every such action, whether it be a several action
against each tortfeasor, or an action against all, or
any number less than all, the plaintiff is entitled
from each alike to obtain redress to the full extent
of his injury.

In *Hume* v. *Oldacre*, 1 Stark, 252, the action
was against one of a large number of trespassers,
and Lord Ellenborough told the jury that the de-
fendant was liable for the whole of the damage,
whether done by him or by his co-trespassers.

In *Hill* v. *Goodchild*, 5 Burrows, 2791, which
was an action for trespass against two, with a ver-
dict of guilty against both, but with different amounts
assessed as damages, Lord Mansfield said: ''All the
defendants may be guilty, and yet the degrees of
their guilt may be different, but . . . we hold
that, as the trespass is jointly charged upon both
defendants, and the verdict has found them both

guilty, the jury cannot afterwards assess several damages."

In *Halsey* v. *Woodruff*, 9 Pick. (Mass.), 555, the action was trespass against two defendants, who plead separately the general issue. The jury found both guilty, and assessed different amounts against each. The trial Judge rendered a judgment against both for the largest amount so found. On appeal the Court said: "We think the judgment was correctly entered. The result of the authorities, which are numerous, is, that where a joint action is brought against two for a trespass done, and there is a judgment against both, it must be a judgment for joint damages. All the legal consequences of there being a joint judgment must necessarily follow, one of which is, that each is liable for all the damage which the plaintiff has sustained by such trespass, without regard to different degrees or shades of guilt. . . . The defendants plead severally that they are not guilty—of what? Of the joint trespass. And they are found guilty—of what? Of the same joint trespass. . . . The inquiry of damages, though made by the same jury, when an issue of fact is tried, is, in some degree, collateral to the trial of the issue. Where there is judgment on an issue of law alone, there must necessarily be a distinct inquiry of damages, and then the question for the jury is only, What damages has the plaintiff sustained by reason of the trespass done? without regard to the particular acts done by either of the

defendants. So, where the damages are found by the jury on an issue of fact, the sole inquiry open to them is, what damage the plaintiff has sustained, not who ought to pay them; and, therefore, their finding of separate damages is beyond their authority, and merely void."

It is not necessary for us, nor do we intend to be understood as approving the action of the Court in that case, of rendering judgment against both defendants for the largest amount found by the jury, but we refer to the opinion, as it contains a clear statement of the rule in question, and of principles on which it rests. We deem it improper to incumber this opinion with further quotations from cases, and we will content ourselves with referring, for further authority on this question, to *Currier* v. *Swan*, 63 Maine, 323; *Ricker* v. *Freeman*, 50 N. H., 420; *Fultz* v. *Wycoff*, 25 Ind., 321; *Warren* v. *Westruf*, 44 Minn., 237 (S. C., 46 N. W. Rep., 347); 2 Sedg. (8th Ed.) Sec. 431; 1 Suth. Dam., 825.

Plaintiffs in error rely upon *Knott* v. *Cunningham*, 2 Sneed, 204, as furnishing support to their contention. That was an action of trespass on the case brought against one of two tortfeasors, the plaintiff having previously brought his separate action against the other and obtained a judgment for the same wrong, which was still unsatisfied. The defendant pleads this unsatisfied judgment as a bar to recovery. But the trial Court, as well as this Court, held that "judgment against one trespasser, without sat-

isfaction, is no bar to an action against a co-tres-
passer." It will be seen that this case gives no
color to the present insistence.

But it is argued that the trial Court was in
error, in this regard, in view of the following pro-
visions of the (Shannon's) Code:

"§ 4700. Judgments may be given for or against
one or more of several plaintiffs, or for or against
one or more of several defendants.

"§ 4701. In such case the verdict shall be as the
right may appear, and shall state separately any
amount allowed to any of the parties.

"§ 4702. Such and so many judgments, joint, sep-
arate, and cross, may be rendered as may be neces-
sary to the rights of the parties, or one amount
may be set off against another, and judgment ren-
dered for the residue, or judgment may be rendered
for the defendant against the plaintiff, for any amount
or balance for which it is found that the plaintiff
is liable."

Were these sections intended to apply to a joint
action of tort against a number of wrongdoers, when
such action rests, as has been heretofore seen, upon
the universally recognized principle that each tort-
feasor is answerable for the full injury, however
slightly he may have contributed to it? If they do,
then the Legislature has, by indirection, revolutionized
this action, and has practically destroyed the principle
on which it has been uniformly rested, that of joint
and equal responsibility. For, while there is nothing

in these sections which, in words, modifies or changes the rule of law that the plaintiff is entitled to full compensation for the whole injury from each one of several joint wrongdoers, as well as from all that have contributed to it, yet, if the construction insisted on be sound, its practical operation would be to defeat such a result. For, if a jury is permitted to assess distinct amounts as damages against several wrongdoers jointly sued, the aggregate sum being reckoned as full compensation, then satisfaction of one of these sums will be a satisfaction of all, and the injured party will be left with partial, while the law falsely held out the promise of full, redress. This must be the result, as a judgment would be rendered against each several defendant for the amount found against him, and the case would stand on the same footing with judgments obtained in actions against several defendants sued separately for a joint wrong, and it is well settled that the satisfaction of one of such judgments is a satisfaction of all, save as to costs. *Knott* v. *Cunningham, supra; Snyder* v. *Witt, supra.*

We agree with the counsel of defendant in error, that to adopt this construction '' would be, to a great extent, to set aside the law of joint torts, as it now exists, and restrict the liability of each joint tortfeasor to the consequences of his own act only, and thus fritter away all substantial rights of the injured party.'' We are satisfied that this was not intended by the framers of the Code or by the Legislature

in adopting it, and that there is ample scope for these sections, without applying them to cases of tort.

It is also assigned for error that the trial Judge declined to grant a new trial upon what is called the newly discovered testimony of a colored man, one Watson. This ground for a new trial was supported by the affidavit of Watson, and the affidavits of Mr. Myers and Mr. Cooper, the counsel of the defendants. It is unnecessary to state the substance of Watson's affidavit, for, conceding that what he states in it was important, and might have affected the jury in their consideration of the case (though we are satisfied that his testimony, as set out in this record, would have been of no value), yet we agree with the trial Judge that the application came too late. The affidavit of one of these counsel shows that, at least during the argument of the cause, and before it had gone to the jury, he ascertained what Watson would testify to, yet he did not call the attention of the Court to his discovery of this new testimony, and ask leave to submit it. This he might have done, for it is within the sound discretion of the trial Judge to permit the case to be reopened and evidence to be introduced after argument has begun. 2 Ell. Genl. Pr., Sec. 578; *Cawrie* v. *Bank*, 100 Ind., 247; *State* v. *Rash*, 12 Ire. Law, 382.

Upon a careful examination of this record, including the charge of Special Judge Richardson, the abil

Railroad *v.* Jones.

ity of which is evidenced by the fact that the only error assigned upon it is the one disposed of in the first part of this opinion, we are constrained to hold that the judgment of the lower Court must be affirmed.