•[No. 5115.]

JONES ET AL. v. ALLEN.

**Damages — Joint Tort-Feasors — Judgment against One, Bar against Others.**

Where, in an attachment proceeding, judgment was rendered in favor of the intervenor for the property, but damages claimed as resulting from the attachment were refused him because not properly pleaded, such intervenor cannot, in a subsequent action, recover such damages from the sheriff, as the injury occasioned by the attachment is an entirety, and the damages resulting therefrom cannot be apportioned among the several wrong-doers, nor be divided into separate demands.—P. 512.

*Appeal from the District Court of Arapahoe County. Hon. Samuel L. Carpenter, Judge.*

Action by Lewis M. Allen against Robert J. Jones, David H. Moffat, and George E. Ross-Lewin. From a judgment in favor of plaintiff, defendants appeal.          *Reversed and remanded.*

Messrs. MULLER & SUMMERFIELD and Mr. H. H. HINDRY, for appellants.

Mr. LUCIUS W. HOYT, for appellee.

Appellee, plaintiff below, recovered a judgment for damages against the appellants upon the following facts, as disclosed by the pleadings:

The defendant Jones, as sheriff, took possession of certain merchandise under a writ of attachment issued in an action wherein one Moss was plaintiff, and one Root defendant. Moss and the defendants, Moffat and Ross-Lewin, in order to protect the sheriff in levying this writ, executed and delivered to him an indemnity bond. Plaintiff intervened in the attachment suit, claiming to be the owner of the merchandise attached, and also claiming damages resulting from the attachment and seizure of the merchan-

dise. He was adjudged to be the owner of this merchandise, but was denied damages, because not properly pleaded. Thereafter he received the merchandise in satisfaction of the judgment rendered in his favor, and subsequently commenced this action to recover damages resulting from the attachment other than for the value of the merchandise attached.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

Plaintiff's right of action was grounded upon the assumption that defendants and Moss were joint tort-feasors. His cause of action in the intervention proceedings was identical with that in the action under consideration. The injury occasioned by the attachment was an entirety, and the damages resulting therefrom could not be apportioned among the several wrong-doers, nor divided into separate demands. The satisfaction of the judgment against Moss was a bar to the action against the defendants, for the reason that the law allows but one satisfaction for the same wrong, and the satisfaction of a judgment against one of several joint tort-feasors, bars an action against the others.—2 Van Fleet's Former Adjudications, § 531; *Westbrook v. Mize,* 35 Kan. 299; *Allen v. Wheatley,* 3 Blackford (Ind.) 332; *Mitchell v. Libby,* 33 Maine 74; *Savage v. Stevens,* 128 Mass. 254; *Luce v. Dexter,* 135 Mass. 23; *Kapischki v. Koch,* 54 N. E. (Ill.) 179; *Karr v. Barstow,* 24 Ill. 580; *Turner v. Hitchcock,* 20 Iowa 310.

The judgment of the district court is reversed and the cause remanded, with directions to dismiss the cause at the cost of the plaintiff.

*Reversed and remanded.*

Mr. JUSTICE GUNTER and Mr. JUSTICE MAXWELL concur.