## Oglesby v. Melcroft Coal Company.

(Decided June 10, 1927.)

### Appeal from Harlan Circuit Court.

1. Judgment.—Satisfaction of judgment against telephone company alone in an action for compensation for entire injury discharged both coal company, which maintained electric wires leading from utility company's substation, and the utility company, from liability for injury caused by telephone wires falling on electric wires, though action had been dismissed before judgment without prejudice as to them.

2. Judgment.—Satisfaction of judgment procured against one of several joint tort-feasors in an action for the entire injury discharges the others, since law does not permit double recovery for a joint wrong.

G. G. RAWLINGS for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

The Melcroft Coal Company owns and operates a coal mine in Harlan county. The Kentucky Utilities Company owns and controls electric wires leading to a substation. From that point the electricity is conveyed to the mine on wires maintained and operated by the coal company. A few feet above the electric wires are telephone wires maintained and operated by the Cumberland Telephone & Telegraph Company. The telephone wires fell on the electric wires and became charged with electricity. While walking along the street in the coal company's camp Walter Oglesby, an employee of the coal company, came in contact with one of the telephone wires and was injured. Charging that his injuries were caused by the negligence of the telephone company, the Kentucky

Utilities Company and the coal company, Oglesby sued to recover damages. Issue was joined by all the defendants, but as to the coal company and the Kentucky Utilities Company the action was dismissed without prejudice. The case then went to trial as against the telephone company and resulted in a verdict and judgment in favor of Oglesby for $1,500.00, and the judgment was paid on October 28, 1926.

On October 29, 1926, Oglesby brought this action against the Melcroft Coal Company to recover for the same injuries. In addition to other defenses the coal company relied upon the proceedings in the other action and alleged that the judgment recovered in that action was for the same injuries and that the judgment was paid and fully satisfied. Demurrers to each of the paragraphs of the answer were overruled, and, Oglesby having declined to plead further, the petition was dismissed. Oglesby appeals.

It was not pleaded, nor can it be contended, that the payment of the judgment was in part satisfaction of the injuries received by appellant. On the contrary, he sued the telephone company for his entire injury and was awarded compensation on that basis. The law does not permit a double recovery for a joint wrong. One satisfaction is all that the injured party is entitled to. Though he may sue one or all of several joint tort-feasors, yet if he recovers a judgment against one of them and obtains satisfaction, that operates as a discharge of the others. Black on Judgments, section 782. Sodousky v. McGee, 4 J. J. Marsh. 269; United Society of Shakers v. Underwood, 11 Bush, 265, 21 Am. Rep. 214; Louisville & Evansville Mail Co. v. Barnes, 117 Ky. 860, 79 S. W. 262, 25 Ky. Law Rep. 2036, 64 L. R. A. 574, 111 Am. St. Rep. 273; Vandiver v. Pollak, 107 Ala. 547, 19 So. 180, 54 Am. St. Rep. 118; Mitchell v. Libbey, 33 Me. 74; Berkley v. Wilson, 87 Md. 219, 39 A. 502; Luce v. Dexter, 135 Mass. 23; Grimes v. Williams, 113 Mich. 450, 71 N. W. 835; Snyder v. Witt, 99 Tenn. 618, 42 S. W. 441; Blackman v. Simpson, 120 Mich. 377, 79 N. W. 573, 58 L. R. A. 410. This doctrine was followed and applied in Thomas' Adm'r v. Maysville Street Railway & Transfer Co., 136 Ky. 446, 124 S. W. 398, 136 Am. St. Rep. 267, wherein it was held that where plaintiff recovered judgment against two joint tort-feasors and elected to collect his judgment against

one of them, his cause of action was satisfied and the other tort-feasor was released, though the judgment against him was larger than the one paid. It follows that the paragraph of the answer pleading the payment of the judgment against the telephone company presented a good defense, and that the demurrer thereto was properly overruled.

Judgment affirmed.