PAYNE *v.* WOODARD *et al.* (*two cases*).

REED *v.* WOODARD *et al.*

(*Knoxville*, September Term, 1949.)

Opinion filed December 17, 1949.

Rehearing Denied March 17, 1950.

JOE C. THOMASON and FRANK L. FLYNN, of Knoxville, for plaintiffs in error.

GRIMM & TAPP, of Knoxville, for Gilpin and Lee.

A. J. HARTMAN and JOHN M. THORNBURGH, of Knoxville, for Woodard.

MR. JUSTICE PREWITT delivered the opinion of the Court.

These three cases come from the Circuit Court of Knox County, and grow out of the same state of facts.

The plaintiffs registered at the Cumberland Hotel in Knoxville on the evening of March 7, 1945, and were assigned to the same room on the west end of the third floor of the hotel. A fire occured in the early morning of March 8, 1945, and the three plaintiffs, in an effort to escape, jumped through a sky well from the third floor of the hotel where they were housed to the second floor, and as a result of such leaps the three of them suffered various injuries.

In their respective declarations, the plaintiffs averred that defendants, Roy L. Woodard and Edward L. Vickers, were engaged in the business of maintaining and operating the Cumberland Hotel in Knoxville, located at the corner of South Gay Street and West Cumberland Avenue.

The plaintiffs also averred that Isabella Tyson Gilpin was the owner of the Cumberland Hotel property, and that defendant, L. T. Lee, was her attorney in fact, for the purpose of leasing and handling said property; that shortly before the accident occurred, the said Gilpin and Lee had leased said property to defendants Woodard and Vickers, for the express purpose of the said Woodard and Vickers operating a hotel therein; that at the time this property was leased by the said Gilpin and Lee, to the said Woodard and Vickers, to be used as a hotel, it was not fit, or in proper condition, to be used, maintained or operated as a hotel, for the following reasons:

1. In that it was not equipped with stairways and fire escapes, and particularly and especially in that guests in the west end of the third floor were not provided any way of egress.

2. In that there were no facilities or means for warning or notifying guests on the third floor of said premises of an emergency.

3. In that the entrances and means of exit were not marked by lights or otherwise.

4. That said dangerous and unsafe conditions existed at the time said premises were leased by the said defendants Gilpin and Lee to the defendants Woodard and Vickers, and that all defendants were fully cognizant thereof.

In the second count of the respective declarations, the plaintiffs averred that said Cumberland Hotel had been remodeled from time to time, particularly since 1911, without having the same equipped with an iron fire escape at the end of the hall; that the owners leased said premises to the operators well knowing that the same was unfit for such use, and that the use of said premises for such purpose was and would be in violation of Sections

5275-5302 of Williams' Code; and further averred that Sections 5276-5277 of Williams' Code providing for fire extinguishers and fire escapes were not complied with.

The plaintiffs also averred that when the fire broke out on the third floor of the said Cumberland Hotel, they were housed in a room in the west end thereof; that the fire was between the room in which they were housed and the elevator shaft to the eastward; that the fire escape was also to the eastward; that as a result they were trapped and without any way or means of exit, there being no fire escape on the west end or portion of said hotel, and no stairway or other means of exit except by a sky well from the third to the second floor; that as a result they, and each of them, jumped through said sky well from the third to the second floor; that as a result of such leaps they suffered injuries as outlined in the respective declarations.

The defendants Gilpin and Lee filed a joint demurrer, and later the defendants Woodard and Vickers filed separate demurrers. These demurrers set up that there is a misjoinder of the causes of action, and a misjoinder of parties defendant, as between Gilpin and Lee on the one side, and Woodard and Vickers on the other.

The defendants contend that before the four of them may be joined in these actions as defendants, they, and each of them, must have been guilty of the same identical acts of negligence.

The defendants further contend that the plaintiffs cannot maintain actions against the four of them on the theory that some of them were guilty of certain acts of negligence, while the other defendants were guilty of other acts of negligence, even though the various acts

of negligence of one concurred with the other acts of negligence of the others in producing the injuries.

The trial judge sustained the demurrers of the defendants on the ground that there was a misjoinder of the parties.

The defendants also contend that all the defendants must be guilty of the various acts of negligence which are averred or otherwise they cannot be sued jointly, and rely principally on the case of *Swain* v. *Tennessee Copper Co.*, 111 Tenn. 430, 78 S. W. 93. That case was distinguished from cases like the instant cases in *Tennessee Central Railroad Co.* v. *Vanhoy*, 143 Tenn. 312, 329-331, 226 S. W. 225, 229, where this Court said:

"They cite in support of this contention the case of *Swain* v. *Tennessee Copper Co.*, 111 Tenn. 430, 78 S. W. 93, in which case it was held that a tort which is several when committed cannot be made joint by matters occurring subsequently over which the wrongdoer has no control, and that the mere union and blending of consequences will not have the effect to make torts originally several joint.

"The facts in that case are not analogous to the facts in the instant case. The facts in that case showed that the defendants were separate and distinct corporations located in proximity to each other, and were operating their respective plants for reducing and converting copper ores into ingots or commercial copper, from each of which were emitted immense volumes of noxious, foul, and poisonous smoke and gases, which afterwards indistinguishably mingled, commingled, and intermingled into clouds of noxious, deadly, and poisonous vapors, creating an actionable nuisance, but there was no common ownership or operation of the plants, no community of

interest, nor common design, purpose, concert, or joint action. In other words, the acts which caused damage to the plaintiff's property were separately committed, while in the instant case evidence was offered tending to show that the plaintiff's wife was killed as the result of the concurrent negligence of both sets of the defendants sued. The evidence tended to show that Mr. Hitshew was negligent in running his car upon the railroad track at a dangerous crossing, where his vision was obstructed to such an extent that he could not see the approaching train till within a few feet of the track, without stopping, looking, and listening for the approach of the train. The defendants railroad company and receivers were negligent in that they failed to comply with the statutory precaution for the prevention of accidents upon railroads. It was through the joint and concurrent negligence of both sets of defendants that plaintiff's wife was killed.''

██ In the *Swain case*, the defendants were separate and distinct corporations, and there was no common ownership or operation of the plants, no community of interest, nor common design, purpose, concert, or joint action. In the instant cases, the declarations show that this hotel was a firetrap when the lease was executed; that the lessors knew, or should have known, of this; that this knowledge was possessed by the operators of the hotel at the time the lease was executed and at the time of the fire. The declarations further show that the owners knew of the violations of the Sections of Williams' Code above referred to as to fire escapes and other safety measures provided for by said sections. The declarations show, therefore, that the hotel was being operated for a common design, purpose, concert, or joint action.

In Tennessee Procedure in Law Cases (Higgins and Crownover), Section 248, p. 102, it is said: "When a tort is committed by two or more persons jointly, by force directly applied, or in the pursuit of a common purpose or design, or by concert, or in the advancement of a common interest, or as the result and effect of joint concurrent negligence, there is no doubt that all tortfeasors are jointly and severally liable for all the damages done the injured party, and that these damages may be recovered in joint or several actions, although the wrongful conduct or negligence of some may have contributed less than that of others to the injury done."

In *Morris* v. *Bowling,* Tenn. App., 218 S. W. 2d 754, 758, Judge Howard, speaking for the Court of Appeals, said: "The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other."

The judgments of the lower court must, therefore, be reversed and the cases remanded for further proceedings consistent with this opinion.

All concur.