Paul T. Schoenly

*v.*

Nashville Speedways, Inc., et al.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

GRACEY, BUCK, MADDIN & COWAN, Nashville, for plaintiff in error.

T. T. McCARLEY, Nashville, for defendants in error.

MR. JUSTICE FELTS delivered the opinion of the Court.

This action was brought by Paul E. Schoenly against Nashville Speedways, Inc., and McDowell & McDowell, to recover damages for personal injuries alleged to have been caused plaintiff by the concurrent negligence of defendants and of State Highway Patrolman Charles E. Graham, in particulars hereinafter set out.

Defendants each filed a special plea of discharge or accord and satisfaction and of judicial estoppel against the right of plaintiff to maintain this suit, because the Board of Claims had awarded him compensation for his injuries in the sum of $5,000, which had been paid to him.

Plaintiff demurred to these special pleas and had the case set down for hearing on the demurrers and pleas. The Trial Judge, in a written opinion made a part of the record, overruled the demurrers, sustained the special pleas, and dismissed this action. Plaintiff appealed in error and has assigned errors.

The facts disclosed by plaintiff's declaration, and by the special pleas admitted to be true by the demurrers, were in substance as follows:

Defendant Nashville Speedways, Inc., was having constructed an oval asphalt race track at the fairgrounds. Defendant McDowell & McDowell were the contractors doing the construction work, which had not been finished but was unfit and dangerous to be used by vehicles. On the outside of the race track was a guardrail, and located two or three feet outside the guardrail were signs boards or billboards, which plaintiff's employer, Greer Sign Company, had contracted to paint.

Plaintiff was standing on a scaffold painting the billboards; and, notwithstanding that defendants knew of the unfinished and dangerous condition of the race track, they allowed and invited State Highway Patrolmen on motorcycles to come upon said track and to ride the motorcycles around said oval track.

While plaintiff was standing on the scaffold as aforesaid, one of said patrolmen, Charles E. Graham, while riding his motorcycle, approached and entered the south turn "traveling at an exceedingly high and dangerous rate of speed," was "unable to negotiate or complete said south turn," "ran off the asphalt track, into and through the guardrail and under and into the ladders and scaffolding" on which plaintiff was standing, thereby throwing him violently to the ground and causing the injuries sued for.

In addition to the dangerous and unfinished condition of the race track, defendants made it still more dangerous by leaving "materials such as posts or concrete blocks on the asphalt surface of said race track"; and such dangerous condition of the track, and such concrete blocks and posts caused said Graham, riding his motorcycle, to run into such blocks and posts, "thereby throwing the motorcycle completely out of control and running into the scaffolding."

The facts alleged by the special pleas were that plaintiff, before bringing the present suit, had filed a claim against the State before the Board of Claims, seeking compensation for the same injuries as those here sued for. In a sworn petition, he stated that "his injuries were all due to the negligence of the State's employee, Charles E. Graham, while said employee was on the business of the

State." He also averred in his brief before the Board that "the sole procuring cause of the injuries" to him was the "negligence on the part of Lt. Charles Graham."

It further appears that the Board of Claims allowed his claim and awarded him compensation for his injuries in the sum of $3,500 originally; but upon his exception, the Board increased his compensation to $5,000, which was paid to him, on the theory that the State of Tennessee, by act of its servant, was a joint tort-feasor and liable for plaintiff's injuries.

1. Plaintiff submits that in committing the tort sued for, the State employee Graham, and the defendants, Nashville Speedways, Inc., and McDowell & McDowell, were acting not in concert, but individually; that their independent acts, though together causing his injuries, did not constitute a joint tort; and that plaintiff had a right to sue any or all of them; and that a judgment and satisfaction against one of them would not discharge the others.

As we have seen, the negligence charged against defendants was that they invited State employee Graham to ride his motorcycle on the race track while it was unfit and dangerous for such use; and the negligence charged against State employee Graham was that, while riding his motorcycle on the dangerous track at "an exceedingly high and dangerous rate of speed," he ran it off the track and into the scaffold, causing plaintiff's injuries.

That is, the negligence of defendants and the negligence of Graham were continuous and concurrent up to the moment of the injury, and both together caused the harm or injury to plaintiff's body which was one single

harm or injury, incapable of any logical division or apportionment.

One of our leading cases on the question of joint and several liability for tortious acts is the case of *Swain v. Tennessee Copper Co.*, 111 Tenn. 430, 78 S.W. 93, 94. There, two different companies, acting separately, each committed a nuisance by emitting immense volumes of poisonous smoking gases upon plaintiff's land. It was held that the two companies were not joint tort-feasors, not jointly and severally liable for the entire damage, but each severally liable for the part of the harm caused by its operation.

In the course of its opinion, the Court there laid down a rule which has often been quoted, and has since been followed in this State. Such rule was stated thus:

"When a tort is committed by two or more persons jointly, by force directly applied, or in the pursuit of a common purpose or design, or by concert, or in the advancement of a common interest, or as the result and effect of joint concurrent negligence, there is no doubt but that all the tortfeasors are jointly and severally liable for all the damages done the injured party, and that these damages may be recovered in joint or several actions, although the wrongful conduct of negligence of some may have contributed less than that of others to the injury done."

■■ Thus, where two or more persons jointly commit a tort, either while acting in concert or as a result and effect of their "joint concurrent negligence," they are joint tort-feasors and jointly and severally liable for the entire harm. Or, as stated in *Coleman v. Bennett*, 111 Tenn. 705, 712, 69 S.W. 734, 735:

" 'If the concurrent or successive negligence of two persons, combined together, results in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury.' 1 Thomp., Neg., sec. 75.''

In *Morris v. Bolling,* 31 Tenn.App. 577, 585, 218 S.W. 2d 754, 758 Judge Howard, speaking for the Court of Appeals, made a statement of the rule which has often been quoted and which was as follows:

''The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other.''

█ Upon these authorities, and many others could be cited, it seems clear that upon the negligence here charged, the State employee Graham and the defendants were joint tort-feasors, jointly and severally liable for plaintiff's injury. See *Snyder v. Witt,* 99 Tenn. 618, 42 S.W. 441; *Tennessee Cent. R. Co. v. Vanhoy,* 143 Tenn. 312, 226 S.W. 225; *Payne v. Woodard,* 190 Tenn. 32, 227 S.W.2d 47.

█ It is well settled that while joint tort-feasors are jointly and severally liable and each may be proceeded against separately to judgment, the plaintiff ''can have but one satisfaction for the same injury, and a satisfaction from one will preclude him from proceeding against the other defendants.'' *Snyder v. Witt,* supra, 99 Tenn. 621, 622, 42 S.W. 442; *Hime v. Sullivan,* 188 Tenn. 605, 611, 221 S.W.2d 893.

It seems clear that since the State's employee Graham was a joint tort-feasor with defendants and that the State, but for its immunity from suit as a sovereign, would have also been jointly and severally liable with the others upon the doctrine of *respondeat superior;* and that since the Board of Claims allowed plaintiff compensation for his injuries, which was paid, that this was a satisfaction of his claim and a discharge of the other joint tort-feasors, as held by the learned Trial Judge.

■ 2. Plaintiff, however, insists that the proceedings before the Board of Claims and the Board's award cannot be likened to proceedings and judgment in a court of law; that the Board is not a court or judicial body, and its allowance of the award and payment of the same to plaintiff is not to be treated as a judgment and a satisfaction of such judgment, but is to be treated as a gratuity paid by the State or as in the nature of a covenant not to sue, which does not discharge the other joint tort-feasors. *Nashville Interurban Ry. Co. v. Gregory,* 137 Tenn. 422, 193 S.W. 1053.

We think this argument is unsound. It is true the Board of Claims is "not necessarily a judicial body but is largely a legislative body," but it has been vested with "quasi-judicial functions" to determine the classes of claims set out in the statute (T.C.A. 9-806 to 9-812); and its determination has the finality of a judgment (9-814); but the Board is not subject to suit under the Declaratory Judgment Act. *Hill v. Beeler,* 199 Tenn. 325, 268 S.W.2d 868.

We think its determination and award upon such a claim is to be likened to a judgment and the payment of such award is not to be treated as a gratuity or as in the nature of a covenant not to sue, but as a satisfaction of

the judgment. The statute provides that "no award or settlement shall be made unless the facts found by said board of claims establish such a case of liability on the part of a department or agency of the State government *as would entitle the claimant to a judgment in an action at law,* if the State were amenable to such." (Italics ours.) T.C.A. 9-812.

So, we must presume that the Board followed this statute and that the facts found made a case of such liability and that the award made by the Board was fair and adequate compensation for plaintiff's injuries. We think that this constituted a satisfaction and discharge of the claim or tort sued on and that plaintiff cannot maintain this suit for further compensation.

All of the assignments of error are overruled and the judgment of the Circuit Court is affirmed.

Affirmed.