James' Adm'r v. McMinimy.

Case 84—PETITION ORDINARY—November 5.

93  471
f133  71

# James' Adm'r v. McMinimy.

### APPEAL FROM MERCER CIRCUIT COURT.

1. LIABILITY OF EMPLOYER FOR NEGLIGENCE OF INDEPENDENT CONTRACTOR.—Where an independent contractor undertakes to perform work for the employer's benefit which the employer, as a prudent man, has reason to believe is, in the ordinary mode of doing it, a nuisance, the employer is liable for any injuries that may result to third persons. But where he has no reason to believe that the act contracted to be done is a nuisance, and it turns out during the progress of the work that it is necessary to create a nuisance in order to do the work, then the employer is not liable for injuries to third persons resulting from the nuisance before he had notice of its existence. But upon receiving such notice he must, in order to protect himself, take such reasonably prompt and efficient means as are in his power to suppress the nuisance.

2. BLASTING WITH GUNPOWDER IN A CITY OR TOWN near enough to the property of others to do injury is a nuisance, unless proper precautions are taken to prevent injury to the property of others within its reach, or to the persons of others ignorantly coming within its reach.

BELL & BELL FOR APPELLANT.

1. Where the work contracted for must necessarily result in a nuisance the responsibility can not be shifted on the independent contractor. (Matheney v. Wolffs, 2 Duv., 137; Robinson v. Webb, 11 Bush, 476; Chicago v. Robbins, 2 Black, 427; 4 Wall., 679. Water Co. v. Ware, 16 Wall., 576; Scammon v. Chicago, 25 Ill., 426; Ellis v. The Sheffield Gas Co., 23 S. J., Q. B. (N. S.), 42; Wood's Master and Servant, p. 613.)

   And the principal is still liable, although he does not know that the work contracted for must necessarily result in a nuisance, his contract in such event being none the less for the creation of a nuisance.

2. Blasting with gunpowder in the vicinity of another's dwelling-house, or of a highway, is a nuisance, and the person doing the act or causing it to be done is liable for all injuries resulting therefrom. (Wood on Nuisance, sec. 142.)

3. The principal is liable when a nuisance is created in the doing of the work contracted for, and he knows it exists and has power to.

stop it, but fails to do so. (Chicago v. Robbins, 2 Black, 426; Clark v. Fry, 8 Ohio St., 359; Ellis v. Sheffield Gas Co., 2 Ellis & Black, 75; Matheney v. Wolffs, 2 Duv., 138.)

4. If the contractor is not competent the principal is liable. (Robinson v. Webb, 11 Bush, 479.)

And the question whether he was or not competent should have been left to the jury.

POSTON & JACOBS FOR APPELLEES.

Appellees were interested only in the result of the contractor's work. He was an independent contractor, and the work they engaged him to do was not *per se* a nuisance. The relation of master and servant not existing between appellees and the contractor, the principles of Robinson v. Webb, 11 Bush, 464, are applicable.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees, Ellen and Thomas McMinimy, employed Isaac Wickersham, a competent and skillful person in that line, to build them a house on their lot lying in the town of Harrodsburg, Ky. Said employment included the building of a cellar of certain dimensions under the house and the excavation of the earth for that purpose. The bill of exceptions says the evidence adduced before the jury conduced to show that it was necessary, in order to do the excavation in the ordinary mode of doing that kind of work, to blast with gunpowder. The proof also shows that the appellant's intestate, a citizen not engaged in helping to do the blasting, was hurt by one of the blasts.

This action seeks to recover damages from the appellees, McMinimys and Wickersham, caused by the said injury. The right to recover damages from the McMinimys was resisted upon the grounds—

*First*, That Wickersham was an independent contractor, and the work that he was to perform did not necessarily create a nuisance; consequently, they were not liable in damages for the injury.

*Second,* That the injury to the appellant's intestate was. the result of his contributory negligence.

It is well settled that blasting with gunpowder in a. city or town, near enough to the property of others to do. injury, is a nuisance, unless proper precautions are taken to prevent injury to the property of others within its reach, or to the persons of others ignorantly coming within its reach.

The contract clearly shows that Wickersham was an independent contractor and not the servant of the Mc-Minimys.

Now it is well settled that where the independent contractor and the contractee contract for the performance of work that is lawful in itself, and the work is performed in an unlawful manner, either by the wrongful or negligent execution of the work, and resulting in injury to to others, the contractee is not liable in damages to such persons for the injury. On the other hand, where the contractee employs the contractor to do work for his benefit which, in the ordinary mode of doing it, he, as a prudent man, has a reason to believe is a nuisance, he is liable for any injuries that may result from it to third persons. The reason of the contractee's liability is, that the contractee is liable for injuries resulting from his own unlawful act, and he can not protect himself from such liability by employing others, under the name of independent contractors, to do the unlawful act. But where he, as a prudent man, has no reason to believe that the act contracted to be done is a nuisance, but is in itself lawful, and it turns out during the progress of the work that it is necessary to create a nuisance in order to do the work, then the contractee is not liable for injuries to third

persons resulting from the nuisance before he had notice of its existence. But, in such case, upon receiving notice, it would be his duty to take such reasonably prompt and efficient means as are in his power to suppress the nuisance, else he will be responsible for injuries to third persons resulting from the nuisance after notice. (See Wood on Master and Servant, pages 598 to 612; Robinson v. Webb, 11 Bush, 480.)

The case should have been submitted to the jury in accordance with the foregoing principles. Also the question of contributory negligence should have been submitted to the jury.

The judgment is reversed and case remanded, etc.