## Miller's Adm'x v. Picard.

Dec. 11, 1945.

158

Cleon K. Calvert and W. L. Hammond for appellant.

J. M. Robsion, Victor A. Jordon, G. L. Dickinson, and Tuggle & Tuggle for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

On the 10th day of November, 1943, Mary Jane Miller employed Joe Sprinkles, the owner and operator of a taxi cab in Knox County, to transport her from Barbourville to Fount, and paid the regular charge therefor. On the return trip the sheriff of Knox County, who held a warrant for the arrest of Sprinkles, undertook to stop the taxi cab for the purpose of the arrest. Instead of stopping, Sprinkles attempted to run over the sheriff, which caused the sheriff to shoot at and into the cab, killing the passenger Miller.

Reathy Burgess qualified as administratrix of the estate of Mary Jane Miller, and on the 25th day of January, 1944, filed an action against Sprinkles in the Knox Circuit Court by which she sought to recover for the estate the sum of $10,000. While this suit was pending the parties settled for the sum of $350, upon the payment of which the administratrix executed a full and complete release.

Thereafter the administratrix employed a different attorney and on the 9th day of November, 1944, the present action was instituted against the sheriff. By an amended answer the previous action and the settlement of it were pleaded as a complete bar to this one. The circuit court overruled a demurrer to the amended answer and when the administratrix declined to plead further, the court dismissed the petition, from which judgment this appeal was taken.

The question for determination in this case is whether the taxi cab driver and the sheriff were joint tort-feasors, for if they were the settlement with and

a full release of one of them bars any action against the other. In the case of Eberle v. Sinclair Prairie Oil Company, 10 Cir., 120 F. 2d 746, 748, 135 A. L. R. 1494, an action for wrongful death was brought against one joint tort-feasor and before judgment the action was compromised with the approval of the court and the amount of the settlement was paid. Thereafter another action was instituted against the other joint tort-feasor but the court found that the settlement of the prior action was a bar to the second one and dismissed the pro ceeding, which action was affirmed on appeal. In the opinion it is said: "A person injured by a joint tort has a single and indivisible cause of action. He may proceed against the wrongdoers either jointly or severally and may recover a judgment or judgments against all, but he can have but one satisfaction of his single cause of action. Neither may he split his cause of action."

Substantial authority is cited to support this statement, and that same rule was approved by this court in the case of Oglesby v. Melcroft Coal Company, 220 Ky. 508, 295 S. W. 421, 422. In that case Oglesby sued the Kentucky Utilities Company, the Cumberland Telephone & Telegraph Company, and the Melcroft Coal Company as joint tort-feasors, charging that his injuries were caused by the negligence of all of them. Before trial he dismissed the action without prejudice as to the coal company and the utilities company, but recovered a judgment against the telephone company, which was paid. Immediately after the payment of the judgment Oglesby brought an action against the coal company to recover for the same injuries. The coal company answered by alleging that the judgment recovered in the first action was for the same injuries and that it was fully paid and satisfied. In sustaining this defense the court said: "It was not pleaded, nor can it be contended, that the payment of the judgment was in part satisfaction of the injuries received by appellant. On the contrary, he sued the telephone company for his entire injury and was awarded compensation on that basis. The law does not permit a double recovery for a joint wrong. One satisfaction is all that the injured party is entitled to. Though he may sue one or all of several joint tort-feasors, yet if he recovers a judgment against one of them and obtains satisfaction, that op-

erates as a discharge of the others." A long list of citations follows this statement.

In the more recent case of Sherwood v. Huber & Huber Motor Express Company, 286 Ky. 75, 151 S. W. 2d 1007, 1012, 135 A. L. R. 263, this same rule is recognized by the following language: "We conclude from the foregoing and from reason that the election is not complete so as to create a bar to a later separate action against another who is also liable to the plaintiff for the same cause of action until satisfaction has been made by some one or more of those whom the law makes responsible for the damages sustained. That conclusion, besides being supported by a majority of courts is, as we have intimated, also supported by logic and justice. It follows that the court erred in overruling the demurrer to the third paragraph of defendants' answer, and in dismissing the petition upon plaintiff's refusal to amend."

The measure of damages in an action for wrongful death is the amount of loss to the estate of deceased because of the destruction of his power to earn money. Wilkins v. Hopkins, 278 Ky. 280, 128 S. W. 2d 772; Bessire & Co. v. Day's Adm'x, 268 Ky. 87, 103 S. W. 2d 644, and many other cases. Here there is only one injury and therefore there is only one cause of action. If the two contributors to the injury are joint tort-feasors the administratrix could have sued either or both of them, but under the authority hereinabove cited it seems clear that satisfaction of the claim by one discharges the other from liability.

Thus the only remaining question in the case is whether the taxi cab driver and the sheriff were joint tort-feasors. Under the facts related above it is clear that the wrongful death was caused by the joint action of the two. Except for the combined actions of both, the injury and death would not have occurred. However, it is likewise clear that there was no concerted action on the part of the two wrongdoers, and the question for determination is whether or not absence of concerted action on the part of the wrongdoers will give rise to separate and independent causes of action against each. The weight of authority is to the effect that liability exists notwithstanding the absence of concerted action. It is true that where the wrongdoers have

not acted in concert and separate and distinct injuries are caused by the acts of each, the liability is several only. Wilder v. Bailey, 233 Ky. 238, 25 S. W. 2d 381. It is also true that where independent wrongful acts of two or more persons concur in contributing to and producing a single injury, such persons must be regarded as joint tort-feasors. See 52 Am. Jur. p. 451, section 112. Compare Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S. W. 179. If this were not true there would be no basis for the long established rule in this state that the contributing negligence of the drivers of two automobiles, having caused an injury to a third person, gives rise to a joint cause of action against either or both of the drivers. The many cases which have been written on this subject give rise to confusion when a close and difficult case is presented for consideration, but a careful consideration of many authorities in this and other jurisdictions has led us to the conclusion that the principles herein set forth are correct.

It is apparent from what we have said that the judgment of the lower court was correct and it is accordingly affirmed.