**Ethel BACH, Appellant,**

**v.**

**Carl BACH, Appellee.**

Court of Appeals of Kentucky.

March 9, 1956.

J. Douglas Graham, Campton, for appellant.

O. J. Cockrell, Jackson, Jack Q. Heath, Louisville, for appellee.

SIMS, Judge.

Appellant, Ethel Bach, sued her husband, Carl Bach, for $9,640 damages she alleged

she suffered on account of the negligent manner in which appellee operated his automobile while she was riding with him. The answer was a general denial and by an amended answer he pleaded appellant had recovered $2,431 from the Commonwealth of Kentucky, Department of Highways, in the Board of Claims for the same injuries she received in this accident, which was a bar to her recovery against him. Upon the cause being submitted on the pleadings the court held her recovery against the State was a bar to a recovery against her husband, and she appealed.

The record shows these facts. To widen a road, The Kentucky Highway Department, hereinafter referred to as the Department, cut into a shale bank and undermined a large oak tree which was left standing. Appellee, about 5:30 P.M., drove his car along the road, the tree suddenly toppled over, fell across the front of his car and injured appellant, who was riding on the front seat with appellee. She filed her complaint with the Board of Claims, hereinafter called the Board, in which she averred that while appellee was driving his car in a careful manner the tree, due to the negligence of the Department in leaving it standing after undermining it, fell on the front of the car injuring her to her damage of $4,300. She averred she expended for medical attention $640 and asked a total recovery of $4,940.

After hearing proof, the Board awarded her $2000 for personal injuries and $431 for medical expenses, or a total of $2,431. She did not appeal to the Franklin Circuit Court, as she had a right to do under KRS 44.140, but accepted the $2,431 in satisfaction of her claim.

While appellant's claim was pending before the Board, she filed this action in the Breathitt Circuit Court against appellee, her husband, to recover $9,640 from him on account of his alleged negligence in the operation of his car at the time the tree fell on it. As stated in the first paragraph of this opinion, appellee pleaded appellant's recovery of $2,431 from the Department and the satisfaction of that award as a bar to this action.

Appellant admits it was held in Miller's Adm'x v. Picard, 301 Ky. 157, 191 S.W.2d 202, that the law does not permit a double recovery against joint tort-feasors and although one or all of several joint tort-feasors may be sued, yet if a judgment is recovered against one of them, which is satisfied, that operates as a discharge of the other. But appellant insists that if the sum received from a joint tort-feasor is in part satisfaction only, the recipient is not precluded from the right to recover from the other, although the other tort-feasor is entitled to credit the sum paid by the first tort-feasor on the judgment recovered against him, citing Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S.W. 179; Standard Sanitary Mfg. Co. v. Brian's Adm'r, 224 Ky. 419, 6 S.W.2d 491, and other like cases.

■ We are in accord with the legal principle advanced by appellant, but the facts in this case do not bring it within the Beaucond and the Brian opinions. In each of those cases there had been a partial settlement with one joint tort-feasor and in accepting this settlement the petition set out that the amount was not in full settlement of the claim. In the instant case appellant elected to make a claim against the Department for her entire damages in the sum of $4,940. After a hearing, she was awarded $2,431, which she accepted, and this barred her from recovering on the same injuries from the other joint tort-feasor, appellee, just as much as if she had sued the Department in the circuit court, recovered judgment and received satisfaction thereof. Miller's Adm'x v. Picard, 301 Ky. 157, 191 S.W.2d 202.

Appellant wants us to treat the $2,431 paid her by the Department as a compromise payment to her in satisfaction only of the Department's liability. But we regard her claim filed with the Board the same as an action filed in a court and that she enforced her claim as a matter of right. The award was not made voluntarily by the Department in settlement only of its liability as a joint tort-feasor. The award had the effect of a judgment against one of

two joint tort-feasors and when satisfied, operated as a discharge of the other from liability.

■ Under § 231 of the Kentucky Constitution, no one can sue the State without its consent, which is usually given by a joint resolution of the General Assembly. Carr v. Jefferson County, 275 Ky. 685, 122 S.W.2d 482. In order to be fair with persons having claims against the State, the General Assembly in 1946 created the Board of Claims to be composed of a Judge or Commissioner of this Court, the Attorney General and the Finance Commissioner, vested with power to hear proof and compensate persons, not to exceed $1,000, for property damage or personal injuries resulting from negligence in the construction, reconstruction, maintenance and policing of highways by the Department. See Acts of 1946, Ch. 189, p. 517, which became KRS 176.290 et seq. By an amendment of 1950 the General Assembly raised the jurisdiction of the Board to $5,000 and provided the Board may hear and adjudicate claims resulting from "negligence on the part of the Commonwealth, any of its departments or agencies, or any of its agents or employees while acting within the scope of their employment by the Commonwealth or any of its departments or agencies." See Acts of 1950, Ch. 50, paragraphs 1 and 2, p. 350, now KRS 44.070.

It is provided in KRS 44.130: "Orders, awards, and judgments of the board may be enforced by filing in the office of the clerk of the Franklin Circuit Court an authenticated copy of the order, award, or judgment, which, when ordered entered by the judge of the court, shall be entered on the order book and become to all effects and purposes an order, award, or judgment of the court, and be enforceable in a like manner." By KRS 44.140 an appeal may be taken to the Franklin Circuit Court "from all awards or judgments of the board" where the amount in controversy, exclusive of interest and cost, is over $50.

■ When a person files a claim with the Board of Claims against the Commonwealth or any of its departments, agencies, or employees when a joint tort-feasor, and obtains an award from the Board, which is satisfied, such an award will bar an action against the other tort-feasor as would a judgment of a court.

For the reasons given the judgment is affirmed.

HOGG, J., not sitting.