**Charles E. DANIEL, Appellant,**

v.

**George Nelson TURNER, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1959.

C. Gordon Walker, Covington, for appellant.

Harlan Heilman, Carrollton, Morris & Garlove, Louisville, for appellee.

STANLEY, Commissioner.

The case presents two questions. One is the propriety of rendering summary judgment on the pleadings. The other is whether a settlement and release of a claim for damages against a party allegedly causing an automobile accident bars an action for damages against other parties.

The complaint of the appellant, Charles E. Daniel, set up a cause of action against the appellee, George Nelson Turner. The defendant traversed, pleaded contributory negligence and stated the accident forming the basis of the claim for damages involved three motor cars, namely, the automobiles

of Daniel and Turner and a truck owned by L. P. Head and operated by his agent, Hubert Porter Head. The Heads were made third-party defendants. CR 14.01, 18.01. Turner further pleaded that if any judgment should be rendered against him, he should have judgment over against the Heads. Turner averred that the plaintiff, Daniel, had executed a release of a claim for damages asserted against the Heads and that he had thereby waived his right to prosecute the suit against him, Turner. The Heads' answer set forth a settlement with them by Daniel of his claim for damages and filed a release executed by him.

The instrument is styled, "Release of all Claims." It recites that for the consideration of $5,000 paid him, Daniel, for himself and his heirs, personal representatives and assigns, does "release, acquit and forever discharge" L. P. Head and his successor "and any and all other persons, firms, and corporations who are or might be liable of and from any and all actions, causes of action, claims, demands, damages," etc. "on account of or in any way growing out of any and all known and unknown, present, or future, anticipated or unanticipated personal injuries and property damage resulting or to result from accident that occurred on or about 25 day of May, 1956, at or near Ghent, Ky." On motion for summary judgment, the court ruled that the settlement and release executed by Daniel had released the defendant, Turner, as well as the cross-defendants, the Heads, from liability. Daniel's complaint was thereupon dismissed.

The appellant contends it was error to render summary judgment based on the pleadings alone. CR 56.02 provides that a defendant "may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." CR 56.03 provides, "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The defense of release may appear on the face of the adversary's pleadings or it may be shown by supporting affidavits. Clay, CR 56.02, Comment 1.

In the simplification of procedure our rules provide that ordinarily a complaint and an answer complete the pleadings and no reply is necessary. In such a case the averments of the answer stand automatically controverted even if an affirmative defense was asserted. Clay, CR 7.01, 8.04, Comment. So, the sufficiency of the allegations of a pleading alone may not determine the right to a summary judgment, otherwise the motion for it would merely duplicate the motion to dismiss. But where the allegation is supported by an exhibit which is evidentiary in character, such as a release, and that exhibit is legally sufficient to defeat a cause of action, it may be properly regarded the same as would be an uncontradicted supporting affidavit (CR 43.12) and authorize a summary judgment. 3-A, Ohlinger's Federal Practice, § 56.17(4), p. 2177; 6 Moore's Federal Practice, § 56.17(4), p. 2177; Altman v. Curtiss-Wright Corp., 2 Cir., 1941, 124 F.2d 177, an opinion by Judge Learned Hand, affirming a summary judgment for the defendant on the ground of a release. As stated in Ulibarri v. Christenson, 2 Utah 2d 367, 275 P.2d 170, 171, "Where an affirmative defense is stated, such as a valid release, which would defeat the cause of action, it is the duty of the court to grant a judgment based thereon."

There is no denial or challenge of the release filed in this case as an exhibit. Nor is there anything in the record to indicate the plaintiff might have desired to controvert or challenge the release. The judgment recites the court heard arguments of the respective parties and "being advised from the pleadings and exhibits" found the release valid. On the appeal the only question raised is the legal effect of the release. Therefore, if it constitutes a legal and valid defense, there was no issue

of fact to be tried and the summary judgment was proper.

■ The appellant contends the record does not show the Heads and Turner were joint tort-feasors so that the law that a release of a third party discharges a defendant in a negligence action does not apply. The appellant points out that his complaint charges the defendant, Turner, alone with having negligently caused his damages and that Turner's answer and cross-complaint charge the Heads were solely responsible for the accident. We do not regard the pleadings as being so limited. Turner charges that Head's truck collided with the plaintiff's car and caused it to collide with his, Turner's car. Three motor vehicles were involved in the accident and three drivers participated in the act which forms the basis of the claim for damages. The several parties were charged with negligence. The record as a whole reveals they were joint actors. They had a common and united part in a single operation which produced the plaintiff's single injury, notwithstanding that they may have been acting independently of each other in operating their respective cars. In legal contemplation they are regarded as joint tortfeasors. Miller v. Weck, 186 Ky. 552, 217 S.W. 904; Rose v. Sprague, 248 Ky. 635, 59 S.W.2d 554; Miller's Adm'x v. Picard, 301 Ky. 157, 191 S.W.2d 202.

The appellant says that the complete release of one joint tort-feasor before a claim is reduced to judgment does not bar a later action against others. In the several cases relied on to support the proposition there had been a previous judgment. The argument is non sequitur. It is not logical to deduce from a decision which deals with a specific condition that the converse conclusion necessarily follows where the condition is not exactly the same. The rule of release is not so constrictive. It is immaterial that the claim settled had not been adjudicated.

■ It is well settled that a party can have but one satisfaction for an injury resulting from a tort and the receipt of full satisfaction for it as the consideration for a release of one joint tort-feasor necessarily works a discharge of all others who may be liable for the same injury unless it appears that the releasor's claim for damages was thereby only partially satisfied and there was no intention to release other claimed wrongdoers from liability. Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S.W. 179; Miller's Adm'x v. Picard, 301 Ky. 157, 191 S.W.2d 202; Restatement, Torts, Vol. 4, § 885; 45 Am.Jur., Release, §§ 36, 37; 76 C.J.S. Release § 50.

■ The release by the appellant of L. P. Head from liability in consideration of the sum he paid Daniel, it will be observed, is unusually inclusive. It specifically and generally releases everyone who might be liable for any and all damages growing out of or resulting from the described accident.

We are of opinion that the court properly granted the summary judgment and dismissed the complaint on the ground of release.

The judgment is affirmed.