CITY OF HAZARD MUNICIPAL HOUSING COMMISSION, Appellant,

v.

Bert HINCH et al., Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1967.

W. E. Faulkner, D. G. Boleyn, Hazard, for appellant.

Wells & Wells, Hazard, for appellees.

MONTGOMERY, Judge.

Bert and Anna Mae Hinch recovered judgment of $3,000 against the City of Hazard Municipal Housing Commission for damages done to their house by blasting. Forcum-Lannom, Inc., a building contractor, received a directed verdict. The Commission appeals and urges that it should not be held liable since its contractor had been released. Forcum-Lannom, Inc., is not a party to this appeal.

Appellant was in the process of establishing low-rent housing projects. During the construction of one of the houses a slide occurred on the property of the appellant which extended back to the lower property line of appellees. To prevent further slides the appellant agreed with appellees to construct a retaining wall on its property. The agreement was incorporated in a contract containing an easement which granted to the appellant's contractor, Forcum-Lannom, Inc., the right to enter on the property of the Hinches for the purpose of construct-

ing the wall. As consideration for the easement, concrete steps were to be built over the wall to furnish ingress and egress to the property. Contained in the contract was the following:

"* * * and as between first parties and second party said Forcum-Lannom, Inc., is to be held harmless from any damages resulting to first parties or anyone else from the construction and maintenance of said retaining wall."

Forcum-Lannom, Inc., was not a party to the contract.

During the construction of the wall, blasting of rock was necessary and appellees' house was thereby damaged.

At the trial of the action instituted against the Commission and its contractor, a directed verdict in favor of the latter was granted because of the release contained in the agreement. Did the release of the contractor by appellees also release appellant?

Appellant contends that it should not have been held liable on the theory that the release of one of two joint tort feasors releases the other, citing Gibson v. Dupin, Ky., 377 S.W.2d 585; Kingins v. Hurt, Ky., 344 S.W.2d 811; and Miller's Adm'x v. Picard, 301 Ky. 157, 191 S.W.2d 202.

■ It is admitted that Forcum-Lannom, Inc., was an independent contractor. The general rule is that one who employs an independent contractor is not liable for the torts or negligence of the independent contractor. Smith v. Gennett, Ky., 385 S.W.2d 957; Grogan v. United States, 6 Cir., 341 F.2d 39.

■ An exception to the rule has been recognized. As stated in Restatement (Second), Torts, Tentative Draft No. 7, Section 427:

"One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which

he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger."

In Comment (c) following this section it is written that:

"The rule stated applies where the work involves the use of instrumentalities, such as fire or high explosives, which require constant attention and skillful management in order that they may not be harmful to others."

The rule formerly referred to "inherently dangerous" activities. In the leading English case, Bower v. Peate, 1876, 1 Q.B. 321, 45 L.J.Q.B. 446, the foundation of the plaintiff's building was undermined by an excavation. Included within such concept is the activity of blasting. Prosser on Torts, 3rd ed., Section 70, pages 484–485. Closely related are cases wherein the independent contractor does work which the employer knows, or should know, to be likely to involve a trespass on another's land or the creation of a public or private nuisance. Restatement (Second), Torts, Tentative Draft No. 7, Section 427A.

This rule is one of long standing in blasting cases. Jones v. McMinimy, 93 Ky. 471, 20 S.W. 435, 14 Ky.Law Rep. 486, 40 Am. St.Rep. 200; Probst v. Hinesley, 133 Ky. 64, 117 S.W. 389; Langhorne v. Turman, 141 Ky. 809, 133 S.W. 1008, 34 L.R.A.,N.S., 211; Lexington and E. Ry. Co. v. Baker, 156 Ky. 431, 161 S.W. 228.

■ In Kentucky Stone Company v. Gaddie, Ky., 396 S.W.2d 337, it was held "that blasting is such an inherently dangerous operation that a landowner (appellant) may not insulate himself from liability flowing from blasting on his premises merely by entrusting the task to an independent contractor." The rule was so stated in Jones v. McMinimy, supra. See also Green v. Asher Coal Mining Company, Ky., 377 S.W.2d 68. Accordingly, the ap-

pellant as the employer of the independent contractor is liable.

 The exculpatory clause quoted above and contained in the contract of easement released the contractor but did not disturb the liability of the appellant. A contract for exemption from liability for negligence is generally void and unenforceable if it is violative of the law or contrary to some rule of public policy. Such contracts are not favored by the law and are strictly construed against the party relying thereon. Clear and explicit language in the contract is required to absolve one from such liability. French v. Gardeners & Farmers Market Company, 275 Ky. 660, 122 S.W.2d 487; 17 C.J.S. Contracts § 262, page 1160. Nowhere in the contract involved is there explicit language to the effect that the appellant should be absolved of liability.

 The rule by which the release of the agent operates to release his principal is not available here since it was admitted that Forcum-Lannom, Inc., was an independent contractor.

Judgment affirmed.

All concur.