Justice WRIGHT, Appellant,

v.

The LOUISVILLE STORE OF RUSSELL-VILLE, etc., Appellees.

James WATERS and Ed Waters, etc.

v.

Justice WRIGHT.

LIBERTY MUTUAL FIRE INSUR-ANCE COMPANY

v.

Justice WRIGHT.

The LOUISVILLE STORE OF RUSSELL-VILLE, etc.

v.

Justice WRIGHT.

Court of Appeals of Kentucky.

June 30, 1967.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, G. Sam Milam, Russellville, for Justice Wright.

Jerry L. Moore, Bell, Orr & Reynolds, Bowling Green, for Harold Gray.

William J. Parker, John David Cole, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for James and Ed Waters.

Joe S. Wheeler, Henry Dickason, Russellville, for Alvin Shifflett.

Pollard White, White & Clark, Hopkinsville, for Liberty Mutual Fire Insurance Company.

William G. Fuqua, Russellville, David W. Gray, James E. Fahey, Louisville, for Louisville Store of Russellville.

EDWARD P. HILL, Judge.

Justice Wright and Henry B. Edwards own adjoining buildings with an 18-inch common party wall located on Main Street and on the public square in the town of Russellville. On July 29 and 30, 1963, the building of Wright was destroyed by fire. In the process of rebuilding the Wright building, the party wall tumbled and fell. The Louisville Store of Russellville, Kentucky (hereinafter referred to as The Louisville Store) tenant of Edwards, sued Wright and his contractors and subcontractors for damages to the merchandise of The Louisville Store and recovered a judgment for $20,000, from which Wright appeals.

The original suit was against Wright, Harold Gray, with whom Wright first contracted to remove the debris and construct another building, Alvin Shifflett, d/b/a Shifflett Construction Company, James Waters and Waters Construction Company. The Liberty Mutual Fire Insurance Company was later joined as a party defendant due to a controversy as to whether the loss sustained by The Louisville Store was the result of the fire or the result of the excavation. All these parties are now in this court either by direct or cross-appeals.

Plaintiff alleged negligence on the part of Wright and his contractor and subcontractors, and a large part of the arguments in the numerous briefs is devoted to law pertaining to the relationship of "independent contractors" and "master and servant." Wright contends his contractor and subcontractors were independent contractors; and if not so, they were employees; and the exoneration of all other defendants (in event they were employees) by the jury ipso facto exonerated Wright. Illinois Cent. R. Co. v. Applegate's Adm'x, 268 Ky. 458, 105 S.W.2d 153 and other cases are cited.

■ Although plaintiff alleged negligence in his original complaint, during the trial he sought permission to file an amended complaint charging that the predecessor in title of Wright and Edwards jointly owned the party wall; that the removal by Wright and his workers of the lateral support of the party wall constituted a breach of his implied duty to leave the wall undisturbed; and that Wright is responsible in damages even without allegation and proof of negligence. The trial court declined to permit the filing of this amendment. This we think was error.

Notwithstanding the refusal of the trial court to allow the filing of the amended complaint, the parties in their opening statements to the jury freely and without objection discussed the "party wall." By agreement of all parties, a copy of a deed from Edward's predecessor in title to Wright's predecessor was filed in the record. This deed conveyed to grantee nine inches of land from grantors lot so that

both parties owned the land under their respective halves of the party wall. The deed was dated January 1, 1891. It contained no provision with respect to the duties of the parties to protect the wall, but this was clearly implied. The Louisville Store in addition to moving for a directed verdict offered an appropriate instruction embodying this theory of its case, which was refused by the court. It is provided by CR 15.02 that: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

 We conclude plaintiff was entitled to a directed verdict, except as to damages, on the theory Wright breached his duty not to disturb the lateral support of the party wall. It is written in 40 Am.Jur., Party Walls, § 26, p. 501:

"A co-owner of a party wall may excavate upon his premises in and about the structure of the wall to any depth he chooses, *provided he maintains the foundation of the support of the adjoining building as stable as it was before the excavation was commenced * * *. On the other hand, it has been held that a landowner who, by excavating within the limits of his own lot, weakens the structural support of his adjoining landowner in a common party wall, is liable for any resulting damage, notwithstanding he uses due care in excavating, or employs an independent contractor to perform the work.*" (Emphasis ours.)

In the recent case of City of Hazard Municipal Housing Commission v. Hinch, Ky., 411 S.W.2d 686, 689, this court said:

"The rule by which the release of the agent operates to release his principal is not available here since it was admitted that Forcum-Lannon, Inc., was an independent contractor."

✓  On the question of the proximate cause of the tumbling of the wall, there

can be no doubt in the minds of reasonable men but that it resulted from the excavation, not the fire.

 Although based upon negligence when it should have been founded upon the breach of duty not to disturb the party wall, the verdict of the jury shall stand.

The judgment is affirmed.

All concur.