**MILES FARM SUPPLY, Appellant,**

v.

**Debbie S. ELLIS, Appellee.**

**No. 93–CA–000019–DG.**

Court of Appeals of Kentucky.

June 3, 1994.

As Modified July 8, 1994.

---

W. Mitchell Deep, James G. Womack, Henderson, for appellant.

William K. Siler, Sturgis, for appellee.

Before EMBERTON, HOWERTON and JOHNSTONE, JJ.

EMBERTON, Judge.

This case is before us upon order granting discretionary review. The sole issue presented on appeal is whether spray painting constitutes an inherently dangerous activity, or special danger, so that Miles Farm Supply is liable for the acts of its independent contractor.

The facts are undisputed. In November, 1991, Miles Farm Supply hired Don Russell Painting to paint its anhydrous tanks located on the premises of Miles Farm Supply. While Mr. Russell was painting the tanks, overspray covered the vehicle owned by the appellee, Debbie Ellis, which was parked in a neighboring parking lot.

The only question we must resolve on appeal is whether Miles Farm Supply can be held legally responsible for the negligent act of its independent contractor. As a general rule, an employer is not liable for the torts of an independent contractor in the performance of his job. However, if the work to be performed is either a nuisance or is inherently dangerous, the employer will not be absolved from liability. *City of Hazard Municipal Housing Commission v. Hinch*, Ky., 411 S.W.2d 686 (1967).

The classic textbook example of such an activity is the use of explosives. *Id.* Certainly, however, the exception is not limited to such activity but would apply to any activity meeting the definitional prerequisites. Section 427 of the *Restatement 2d of Torts*, provides:

> One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making a contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

*Hinch, supra,* at 688. Comments (b) and (c) of the *Restatement* explain that:

b. The rule stated in this Section is commonly expressed by the courts in terms of liability of the employer for negligence of the contractor in doing work which is "inherently" or "intrinsically" dangerous. It is not, however, necessary to the employer's liability that the work be of a kind which cannot be done without a risk of harm to others, or that it be of a kind which involves a high degree of risk of such harm, or that the risk be one of very serious harm, such as death or serious bodily injury. It is not necessary that the work call for any special skill or care in doing it. It is sufficient that work of any kind involves a risk, recognizable in advance, of physical harm to others which is inherent in the work itself, or normally to be expected in the ordinary course of the usual or prescribed way of doing it, or that the employer has special reason to contemplate such a risk under the particular circumstances under which the work is to be done.

c. The rule stated applies where the work involves the use of instrumentalities, such as fire or high explosives, which require constant attention and skillful management in order that they may not be harmful to others. It applies also where such work as the demolition of a high chimney is incapable of being done safely unless those who do it are highly skilled and act with the utmost attention and care. It is not, however, limited to such highly dangerous activities. The rule applies equally to work which, although not highly dangerous, involves a risk recognizable in advance that danger inherent in the work itself, or in the ordinary or prescribed way of doing it, may cause harm to others....

*Restatement 2d of Torts* § 427, explanatory notes, comments (b), (c) (1965).

■ As indicated by the author's comments, the term inherently dangerous is not limited to the use of explosives; we are reluctant, however, to expand the term to include a comparatively passive activity as spray painting. Essentially, if an employer of an independent contractor is held liable on the basis of the nature of the work performed, his own negligence is immaterial. Hence, the employer's liability is premised on strict liability. In *Jennings v. Vincent's Administratrix*, 284 Ky. 614, 145 S.W.2d 537, 541 (1940), the court held that in an independent contractor situation, if the work can be accomplished without probable injury except in the event of negligence, no liability attaches to the owner. *Id.*, 145 S.W.2d at 541. Later in *Hinch, supra,* the court held that the employer must know, or have reason to know, that a special danger exists which is inherent, or natural, to the work.

■ We see no irreconcilable differences in the standard expressed in *Jennings, supra,* and *Hinch, supra.* Under either case, it is apparent that no liability can attach to the employer unless the injury was foreseeable as a probable result of the activity. The appellee has vehemently argued, and the trial court apparently believed, that an activity such as spray painting which is not dangerous, can become inherently dangerous if performed under certain circumstances. Location of the work, time of day, and environmental conditions such as wind, are all circumstances which can cause many activities to become dangerous. Such influences, however, do not transform the basic nature of the activity to one that is *inherently* dangerous.

We believe that if we were to accept appellee's basic premise that circumstances can alter the inherent nature of an activity, we would become involved in a circuitous analysis which would ultimately result in the erosion of our basic legal premise that one who employs an independent contractor is not liable for the latter's negligent acts. In this case, when the painting activity occurred, the day was either windy, or occasioned by strong wind gusts, which caused paint to splatter on appellee's car located over 250 feet away. If Mr. Russell, or his employees, had not painted on such a day, the injury in this case most probably would never have occurred. Thus, spray painting can be accomplished without probable injury and is, therefore, not an inherently dangerous activity. *Jennings, supra.*

As a result of our holding that Miles Farm Supply is not liable to the appellant, we need not address the question of whether the in-

herent danger exception applies to cases involving property damage.

The opinion of the Union Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.