RENDERED: OCTOBER 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0079-MR

MICHAEL ARMS, EXECUTOR OF
THE ESTATE OF BOBBY G. ARMS
AND THE ESTATE OF BARBARA
A. ARMS                                                          APPELLANT


|                | APPEAL FROM CUMBERLAND CIRCUIT COURT |
| -------------- | ------------------------------------ |
| v.             | HONORABLE DAVID L. WILLIAMS, JUDGE   |
|                | ACTION NO. 20-CI-00028               |


SULPHUR CREEK RESORT, INC.,
D/B/A SULPHUR CREEK MARINA
D/B/A MIKE'S LANDING RESTAURANT
& LOUNGE; BONITA C. HUMPHREY,
AS PARTNER OF MICHAEL B. AND
BONITA C. HUMPHREY FAMILY
LIMITED PARTNERSHIP D/B/A SULPHUR
CREEK MARINA D/B/A MIKE'S LANDING
RESTAURANT & LOUNGE; MICHAEL
B. HUMPHREY, AS PARTNER OF MICHAEL
B. AND BONITA C. HUMPHREY
FAMILY LIMITED PARTNERSHIP D/B/A
SULPHUR CREEK MARINA D/B/A
MIKE'S LANDING RESTAURANT &
LOUNGE; BONITA C. HUMPHREY,
INDIVIDUALLY; MICHAEL B. HUMPHREY,
INDIVIDUALLY; KETTLE ENTERPRISES,
INC., D/B/A SULPHUR CREEK MARINA

D/B/A MIKE'S LANDING RESTAURANT
& LOUNGE; MICHAEL B. AND BONITA
C. HUMPHREY FAMILY LIMITED
PARTNERSHIP, D/B/A SULPHUR CREEK
MARINA D/B/A MIKE'S LANDING
RESTAURANT & LOUNGE; CHRISTIAN
T. PARRISH; AND, THE ALPINE RESORT
LTD., D/B/A SULPHUR CREEK MARINA
D/B/A MIKE'S LANDING
RESTAURANT & LOUNGE                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Michael Arms, Executor of the Estate of Bobby G. Arms and the Estate of Barbara A. Arms ("Appellant"), appeals from the findings of fact, conclusions of law, and order granting a motion for summary judgment entered by the Cumberland Circuit Court.  Appellant argues that 1) summary judgment was not warranted based on the language of releases executed by Appellant; 2) the circuit court misconstrued case law as requiring "demonstrative knowledge" of a potential indemnity claim; 3) that a drunk driver's knowledge of potential indemnity exposure was immaterial to his liability carrier's duty to effectuate a settlement; 4) there is no requirement under Kentucky law for reserving a claim; and 5) the summary judgment was not consistent with Kentucky

Rules of Civil Procedure ("CR") 56 because the drunk driver never attested to the extent of his knowledge regarding a future indemnity claim. For the reasons addressed below, we find no error and affirm the summary judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On May 25, 2019, a vehicle operated by Christian Parrish in Cumberland County, Kentucky, struck a vehicle occupied by Bobby G. Arms and his wife Barbara A. Arms. Tragically, Mr. and Mrs. Arms died as a result of the accident. Appellant was appointed executor of his parents' estates.

Parrish was subsequently indicted by a Cumberland County grand jury on two counts of murder.[1] On September 24, 2020, he entered a guilty plea to two counts of reckless homicide[2] and one count of driving under the influence.[3] He received a sentence of ten years in prison.

On November 19, 2019, Appellant in his capacity of executor signed settlement releases with Parrish's insurer. Under the terms of the releases, each estate received $50,000 representing the limit of Parrish's automobile insurance policy. In exchange, the Arms Estates released Parrish "from any and all claims, demands, damages, actions, cause of action or suits of any kind or nature

---

[1] Kentucky Revised Statutes ("KRS") 507.020.

[2] KRS 507.050.

[3] KRS 189A.010.

whatsoever, and particularly on account of all injuries known and unknown" which resulted from the May 25, 2019 automobile accident.

On May 4, 2020, the Arms Estates, through Appellant, filed the instant action against Sulfur Creek Resort, Inc. and multiple other related defendants (hereinafter collectively referred to as "Sulfur Creek"). The complaint asserted "dram shop liability," *i.e.*, that Sulfur Creek bore responsibility for serving an excessive amount of alcohol to Parrish on the day of the accident. Sulfur Creek responded with a third-party complaint against Parrish, asserting its right of indemnification. Sulfur Creek then sought summary judgment based on the releases executed by the Arms Estates in favor of Parrish.

The matter proceeded in Cumberland Circuit Court, resulting in summary judgment in favor of Sulfur Creek entered on November 25, 2020. In support of the judgment, the circuit court determined that the four corners of the releases executed by the Arms Estates in favor of Parrish were controlling. The court found that those releases provided Parrish with relief from all damages arising out of the accident without reservation or exception. It determined that the Arms Estates were precluded from any recovery against Sulphur Creek because Sulfur Creek would then be entitled to indemnity from Parrish for the amount of recovery. Such indemnification, the court found, was barred by the releases. The court found that an exception could be had only if Parrish knew of the potential

-4-

dram shop indemnity when he and/or his insurer entered into the releases. The court found no evidence of such knowledge because the Arms Estates' action against Sulfur Creek was initiated some six months after the releases were executed.

The circuit court went on to find that *DeStock No. 14, Inc. v. Logsdon*, 993 S.W.2d 952 (Ky. 1999), and *Butt v. Independence Club Venture, Ltd.*, 453 S.W.3d 189 (Ky. App. 2014), were controlling. It determined that *DeStock* established, and *Butt* applied, a rule that an action against the alcohol provider could be sustained only if the tortfeasor had knowledge of a future indemnification claim at the time he executed a release with the plaintiff. As applied herein, and in contrast to the facts in *DeStock* and *Butt*, the Cumberland Circuit Court determined that Parrish did not have knowledge of the Arms Estates' future action against Sulfur Creek and resultant claim for indemnification against Parrish. The court found that it was constrained by the four corners of the releases, which shielded Parrish from all future claims of any kind. Based on the foregoing, the Cumberland Circuit Court determined that there was no genuine issue of material fact and that Sulfur Creek was entitled to summary judgment as a matter of law. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Cumberland Circuit Court erred in concluding that summary judgment was warranted based on the language of the releases and the application of CR 56. He asserts that the circuit court improperly resorted to extrinsic evidence, or lack thereof, in evaluating the scope of the releases, when the court should have limited its analysis to the four corners of the releases. That extrinsic evidence, Appellant argues, is whether Parrish had "demonstrative knowledge" of Sulfur Creek's potential claim for indemnification. Citing *Ohio Casualty Insurance Company v. Ruschell*, 834 S.W.2d 166, 169 (Ky. 1992), Appellant contends that the scope of a release is determined primarily by the intent of the parties as expressed in the instrument. Appellant notes that in contrast to *Abney v. Nationwide Mutual Insurance Company*, 215 S.W.3d 699 (Ky. 2006), the releases at issue are limited solely to Christian Parrish. He also argues that the releases executed by the Arms Estates contain no "hold harmless" or "indemnify" language as that found in *Butt*. Appellant asserts that this "hold harmless" or "indemnify" language is an essential element required to support Sulphur Creek's entitlement to indemnity against Parrish. As this language is not found in the releases at issue, Appellant maintains that Sulphur Creek was free to pursue its third-party complaint against Parrish.

Appellant goes on to argue that, 1) the circuit court misconstrued *DeStock* and *Butt* as requiring "demonstrative knowledge" of a potential liability claim; 2) that Parrish's knowledge of potential indemnity exposure was immaterial to his liability carrier's duty to effectuate a settlement of the Arms Estates' claims when liability was reasonably clear; and 3) that there is no requirement under Kentucky law that the Arms Estates specifically reserve a claim in the release. In sum, Appellant argues that summary judgment was improperly entered in favor of Sulphur Creek.

A "dram shop," *i.e.*, a restaurant or bar serving alcoholic beverages to the public, may seek indemnification from a patron whose intoxication resulted in damages to third parties. *DeStock*, 993 S.W.2d at 957-58. The primary question for our consideration is whether the releases executed by Appellant and Parrish and/or his insurance provider operate to shield or otherwise hold Parrish harmless from Sulfur Creek's indemnification claim. *Butt* and *DeStock* are informative on these questions. In 2014, a panel of this Court stated that,

> Logsdon [the drunk driver] complains that if DeStock [the "dram shop"] is entitled to indemnity against him, he will lose the benefit of his settlements with Reid and Alvey [the plaintiffs]. Perhaps; but he entered into those settlements with knowledge of the existence of DeStock's cross claim for indemnity. Except for the amounts paid, the terms of the settlements are not found in this record, so it is unknown whether the settlement documents include the standard "hold harmless" clause contained in the agreement considered in *Crime Fighters*

> *Patrol v. Hiles*, [740 S.W.2d 936, 937 (Ky. 1987)]. If so, Reid and Alvey are precluded from any recovery against DeStock; for DeStock would be entitled to indemnity against Logsdon for the amount of that recovery, and Reid and Alvey would be required to hold Logsdon harmless to the extent of the indemnification. *Id.* If not, Reid and Alvey can proceed to trial on their claims against DeStock in accordance with the principles set forth in this opinion. Of course, DeStock will be entitled to credit against any judgments in favor of Reid or Alvey for the amounts which each respectively received in settlement from Logsdon. *Burke Enterprises, Inc. v. Mitchell,* Ky., 700 S.W.2d 789, 794-96 (1985); *Daniel v. Turner,* Ky., 320 S.W.2d 135 (1959). DeStock will then be entitled to indemnity against Logsdon for any sums it is required to pay in damages to Reid and/or Alvey.

*Butt*, 453 S.W.3d at 194 (quoting *DeStock*, 993 S.W.2d at 957-59).[4]

In examining the questions of whether the Arms Estates agreed to "hold harmless" Parrish against all future claims, and whether Parrish had knowledge of a future dram shop action being filed, the Cumberland Circuit Court stated as follows:

> In the mater *sub judice*, the knowledge requirement as established in <u>DeStock</u> and applied in <u>Butt</u> has not been satisfied. Knowledge of potential dram shop indemnity cannot be imputed to Parrish as in <u>DeStock</u> because the settlements were signed on November 19, 2019, nearly six months prior to the dram shop suit being filed. Further, there is no limiting language in the settlements preserving any causes action of any kind, as in <u>Butt</u>. "The scope of a release is determined primarily

---

[4] In *Butt*, the plaintiffs expressly reserved the right in the release to pursue a future action against the alcohol vendor.

-8-

by the intent of the parties as expressed in the release instrument." When there is no ambiguity, a court is only to look at the four corners of the document. "The fact that one party may have intended different results . . . is insufficient to construe a contract at variance with its plain and unambiguous terms." There is no evidence that Parrish entered into the settlements with knowledge of the potential existence of Sulfur Creek's claim for indemnity. In this case knowledge cannot be imputed from the filing of a suit outlining Sulphur Creek's claim nor is it evident in the four corners of the documents that any type of claim is preserved. As in DeStock, if Sulfur Creek is entitled to indemnity against Parrish, Parrish will lose the benefit of his settlements with the Arms Estates. But distinguishable from DeStock, in the case at hand, Parrish did not enter into the settlements with demonstrative knowledge of the existence of Sulfur Creek's right to indemnity.

(Citations omitted.)

Having closely examined the record and the law, we find no error in the Cumberland Circuit Court's conclusion that the releases operate to hold Parrish harmless from an indemnity claim by Sulfur Creek, and that knowledge of a then-future dram shop action by the Arms Estates against Sulfur Creek cannot be imputed to Parrish. The releases at issue contain broad, expansive language "fully and forever" releasing and discharging Parrish "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries known and unknown, which may have resulted or may in the future develop from" the automobile accident on May 25, 2019. In contrast to the facts of *Butt*, where actions were filed against both the

drunk driver and alcohol vendor *before* the release was executed evincing the driver's knowledge of the dram shop action, the Arms Estates' action against Sulfur Creek was not filed until some six months *after* the releases were executed. Further, while the settlement in *Butt* expressly excluded the dram shop action from the release, the Arms Estates' releases contain no exclusionary language and discharged Parrish from "all . . . damages . . . from causes of action or suits of any kind or nature whatsoever[.]"

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id*. Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no

-10-

genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## CONCLUSION

When viewing the record in a light most favorable to Appellant and resolving all doubts in his favor, we find no genuine issues as to any material fact and conclude that Sulfur Creek is entitled to summary judgment as a matter of law. Pursuant to *DeStock*, *supra*, Sulfur Creek is entitled to indemnification from Parrish as to any damages resulting from the dram shop proceeding filed by the Arms Estates. Such indemnification, however, would run afoul of the releases' language discharging Parrish from all damages of whatever nature resulting from the accident. Further, the resultant scenario of the Arms Estates suing Sulfur Creek, which then sought indemnification from Parrish who demanded to be held harmless by the Arms Estates by virtue of the releases, is a litigation triangle akin to a cat chasing its tail, *i.e.*, a "circuity of litigation" that courts seek to avoid. *Butt*, 453 S.W.3d at 194 (citations omitted). The principles set out in *DeStock* and *Butt* are controlling and dispose of the issues before us. The Cumberland Circuit Court properly applied those principles. For these reasons, we affirm the findings of fact, conclusions of law, and order granting summary judgment of the Cumberland Circuit Court.

CLAYTON, CHIEF JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE A SEPARATE OPINION.


BRIEFS FOR APPELLANT:

Steven C. Call
Angela M. Call
Campbellsville, Kentucky

BRIEF FOR APPELLEES:

Thomas N. Kerrick
Matthew P. Cook
Bowling Green, Kentucky